## ODELL PERRY v. STATE

No. A-4887. Opinion Filed July 23, 1925.
(238 Pac. 229.)

Wright & Gill, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J.  This is an appeal from the district court of Oklahoma  county, wherein plaintiff in error was convicted of burglary in the second degree, with his punishment assessed at two years' imprisonment in the state penitentiary.

The record discloses the following facts: On February 10, 1923, the police officers of Oklahoma  City were called to the Broadway Billiard Hall.  Two officers who responded to the call found that a transom over the back door had been broken and that some one was inside.  One of the officers climbed through the transom and went inside, where they found the defendant lying on a bench.  An examination of the front part of the billiard hall showed  that the cash register  had been emptied and that a small safe had been broken into; on or near this safe the officers found a pair of gloves with the initials of the defendant on them.  The defendant was searched by the officers, and about $5 in small change was found in his pockets.  At that time he told the officers that the proprietor had left him inside and had intrusted him with this money for safe-keeping.

At the trial the defendant testified that he had been drunk all that afternoon and had won the money in a

crap game on Grand avenue. He also denied that he had told the officers, when they arrested him, that the manager had left him in charge of the pool hall and the money found in his possession. He stated that after the crap game he went into the pool hall, in an intoxicated condition, and lay down on a bench seat near the front and went to sleep, and that he had no recollection of anything that occurred after that until he was awakened by the officers. The jury rejected the defendant's explanation, as they had a right to do.

Defendant claims that the trial court had no jurisdiction, because the record does not show that a preliminary hearing was had. No claim is made that there was no such hearing in fact. It has been held that it is not necessary to show affirmatively that there was a preliminary hearing. If in fact there was no such hearing, that fact should be shown, and the jurisdiction of the trial court challenged by the defendant in a plea in abatement or by motion to quash. Williams v. State, 6 Okla. Cr. 373, 118 P. 1006; Buttry v. State, 18 Okla. Cr. 330, 194 P. 286.

The record discloses no material variance between the averments of the accusation and the proof, as claimed by the defendant.

No exceptions were reserved to any of the instructions given, and no other or different instructions suggested by the defendant. The instructions as given were fair to the accused.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.