**Matter of the Application of Paula Helen KINNISON for Writ of Habeas Corpus.**

**No. A–12707.**

Criminal Court of Appeals of Oklahoma.

Feb. 11, 1959.

J. I. Pitchford, Okmulgee, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Harry D. Pitchford, County Atty., Okmulgee County, Okmulgee, for respondent.

BRETT, Judge.

This is an original action in habeas corpus by Paula Helen Kinnison, petitioner, wherein she alleges she is being held as a prisoner at the state penitentiary under a void judgment made and entered in the District Court of Okmulgee County, Oklahoma, on September 2, 1958, on a charge of murdering her grandmother, and upon her plea of guilty she was sentenced to fifty years imprisonment. The petition alleges that petitioner had never been arrested before; was not experienced in such matters; and was not aware of her constitutional right to aid of counsel; that she was frightened and irrational almost to the point of hysteria; that she was threatened with the electric chair but would get a break to plead guilty and avoid the electric chair; she was dissuaded from taking a court appointed attorney on the representation they were never any good. She was further informed the jury would be picked from the town of Morris, Oklahoma, where the crime was committed, and she was informed that both her father and uncle would testify against her. Moreover, she alleges she was rehearsed on the questions the judge would ask her and what her answers should be. Finally, she alleges that she attempted to contact her attorney, Mr. J. I. Pitchford, who was out of the state, and she was denied the opportunity to contact him although it would have entailed a delay of only two days. She asserts that she did contact Mr. Pitchford as soon as she could, which was when she was delivered to the penitentiary. She says the proceedings, under the circumstances, denied her not only the aid of counsel but trial by jury and by reason thereof, the trial court was never completed and lost jurisdiction of the matter.

To this petition the state responded admitting the plea of guilty and judgment and sentence without the aid of counsel, but contending that Paula Helen Kinnison was fully advised of her right to aid of counsel but at no time did she ever request aid of counsel, or indicate she desired a lawyer. Furthermore, it was alleged that she was not in an irrational and near hysterical state.

On the hearing, evidence was introduced in support of the petition. It clearly appeared that the petitioner, although thirty years of age, was without prior court room experience and entirely ignorant as to such proceedings. Her testimony further discloses that the petitioner was frightened and exceedingly nervous, not to say irrational. In substance, she testified she was bewildered and did not know what to do. It further appears that the petitioner did attempt to contact her attorney, Mr. J. I. Pitchford of Okmulgee, Oklahoma, while he was temporarily in New Mexico, and that the call was taken by Mrs. Henrietta Pitchford, mother of J. I. Pitchford. Mrs. Pitchford said she showed the notation of the call to her son upon his return from New Mexico. It thus appears that Paula Helen Kinnison did want the aid or at least the advice of her personal attorney. The record further discloses that J. I. Pitchford had represented her in a civil matter prior to her conviction herein. It also clearly appears that soon after her delivery to the penitentiary, the petitioner did contact J. I. Pitchford, her attorney, and this petition followed.

■ It appears from documentary evidence that the alleged murder herein involved was committed on the night of August 31, 1958. Petitioner was arrested on September 1, 1958, waived preliminary hearing, was arraigned, convicted on a plea of guilty, and sentenced to fifty years in the state penitentiary on September 2, 1958, and was delivered to the penitentiary on September 3, 1958. We are unable to see the necessity for such haste in which this matter was handled. While in every case an accused is entitled to a speedy trial, In re Gregory, Okl.Cr., 309 P.2d 1083, it is not the intention of the law that such

serious matters involving life and liberty be handled in haste beyond the powers of ordinary human comprehension of the significance of such matters and in a cataclysmic manner. The speed of these proceedings was such the petitioner could not have been in any other than a confused state of mind.

The state's proof in support of its position discloses that the petitioner was advised of her right to aid of counsel, and the record shows the trial judge asked the county attorney, "Don't you think the court should see they have counsel?" To which inquiry, the county attorney responded, "I don't know. Both of them are thirty years of age, or more, and above average intelligence. Unless they demand counsel, of course, if they demand counsel the court will have to appoint counsel."

■ This advice to the trial court was contrary to the rule laid down in Ex parte Barnett, 67 Okl.Cr. 300, 94 P.2d 18, 19, syllabus 14:

> "In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law."

It clearly appears that the county attorney influenced the trial court not to do that which was its duty to do.

■ Thereafter, each of said parties was asked if he wanted counsel and replied in the negative. The record does not disclose any inquiry as to whether petitioner was able to employ counsel or if she had a personal attorney with whom she desired to counsel. It is apparent that the petitioner was undoubtedly influenced by the conduct and demeanor of her co-defendant. In view of the fact she was without prior experience and this is a case involving a capital offense, we cannot say that her waiver of counsel was her free and voluntary act. It would have been such a simple matter to have completed the court by appointing counsel for the petitioner or delaying the matter until counsel of her choice returned from New Mexico. In Jackson v. State, Okl.Cr., 316 P.2d 213, 217, wherein the question arose on appeal, we announced the following principles:

> "In Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904, 906, this Court said:
>
> "'Under Bill of Rights (Art. 2, § 20, Okl.Const.) an accused has the right to consult with counsel and to be fully advised as to his rights and as to the consequences of his act before entering his plea to the indictment or information.
>
> "'A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.'
>
> "Ex parte Cook, 84 Okl.Cr. 404, 183 P.2d 595. Moreover, this Court has also held:
>
> "'It is fundamental in criminal law that a defendant is entitled to aid of counsel of his own choice, when able to employ one, and * * * this right is not limited to the trial alone but extends to every stage of the proceeding.'
>
> "Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324, 330. In the body of the opinion at page 330 of 207 P.2d it was further said:
>
> "'If he is able to employ counsel the choice is a personal right of which he cannot be deprived by arbitrary action. It is ordinarily secured to him by express constitutional and statutory provisions. Moreover, the right to be represented by counsel of his own choice is a valuable one, the denial of which is held to be fundamental error. 64 C.J. § 246.'"

Therein, we also quoted from Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, 318, as follows:

" 'It is the solemn duty of a * * * judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings. * * This duty cannot be discharged as though it were a mere procedural formality.'

"Arraignment is too important a step in a criminal proceeding to give such wholly inadequate representation to one charged with a crime. The hollow compliance with the mandate of the Constitution at a stage so important as arraignment might be enough in itself to convince one like petitioner, who previously had never set foot in an American courtroom, that a waiver of this right to counsel was no great loss—just another legalistic formality.

* * * * * *

"To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

█ The court, by pursuing a more penetrating and comprehensive examina-

tion, would have discovered that the petitioner had an attorney of her choice who had represented her in the past and that she had attempted to contact him and had been advised by his mother he was out of town. If this disclosure had been made, the trial judge would undoubtedly have continued the matter until a later date. In Ex parte Barnett, supra, this Court said [67 Okl.Cr. 300, 94 P.2d 19]:

"A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction.

"One charged with crime is as much entitled to assistance of counsel in preparing for trial, as at the trial itself."

█ The record discloses petitioner was threatened with the electric chair if she did not plead guilty; that she was hurried and rushed into the arraignment proceedings; made her plea without due and proper consideration; without the aid of counsel; and that there is grave doubt that her plea was her considered, free, and voluntary act. The conduct of the petitioner in her efforts to contact Mr. J. I. Pitchford before arraignment and her conduct in contacting him as soon as it was possible for her to do so strongly indicates that her answers at the arraignment with reference to counsel were the result of confusion and bewilderment as to what she should do. The questions asked and the answers given establish only that she did not want counsel tendered by the trial court. It does not negative she did not want counsel of her choice. This petitioner, under the circumstances herewith presented, was not accorded her right to counsel. We are of the opinion that the trial court's inquiry fell short of the requirements set forth in Von Moltke v. Gillies, supra.

For the foregoing reasons, the trial court was without jurisdiction to pronounce the judgment and sentence rendered. The writ of habeas corpus is accordingly granted with directions that the

plea, judgment and sentence be vacated and that the petitioner be rearraigned and proceeded against therefrom on the information.

POWELL, P. J., and NIX, J., concur