**Odis GLYNN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14529.**

Court of Criminal Appeals of Oklahoma.

June 12, 1968.

John Shipp, Idabel, for plaintiff in error.

Don Ed Payne, Dist. Atty., 17th Judicial District, for defendant in error.

BUSSEY, Judge.

This is a post conviction appeal on the judgment and sentence rendered against Odis Glynn, hereinafter referred to as defendant, on his plea of guilty in the District Court of McCurtain County, wherein he was sentenced to a term of life imprisonment for the crime of Murder.

There are several assignments of error, but we deem it only necessary to consider whether the defendant knowingly and intelligently entered a plea of guilty, with full knowledge of the nature and consequences of such plea. In considering this assignment of error, a brief summary of some of the prior decisions of this Court relating to the issue here presented is most illuminating.

■ This Court held in 1939, in the case of Ex parte Barnett, 67 Okl.Cr. 300, 94 P.2d 18, that:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law."

There are many other cases following this same holding; however, again in 1959, in the case of Application of Kinnison, Okl.Cr. App., 335 P.2d 645, and cited with approval in In re Coleman, Okl.Cr.App., 344 P.2d 1114, this Court held:

"The fact that an accused may tell him [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishment thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

This Court said further in In re Coleman, supra:

"The fact is that under circumstances where the death penalty may be assessed, the court should always appoint counsel to consult with a prisoner and not accept a plea until counsel has ample opportunity for such consultation."

From the record before us, it appears that the defendant at the time of the entry of his plea of guilty, was a 52 year old Negro male, with no formal education, whose ability to read and write was extremely poor. It further appears although the defendant had been previously convicted on three separate prior occasions, he had never had the assistance of an attorney until the evidentiary hearing directed by this Court in the instant case.

Moreover, it does not appear that he had conversed with any person other than law enforcement officials, the county attorney, and the county judge, sitting as a magistrate, prior to the entry of his plea of guilty in the District Court of McCurtain

County, where the following proceedings occurred:

"BY MR. PAYNE: This matter comes on this morning for arraignment in the case of State of Oklahoma vs. Odis Glynn number 3982. I am going to hand you a copy of the information that has been filed against you, Mr. Glynn, and I will read it to you.

BY THE COURT: Before I proceed further, your true name is Odis Glynn?

BY MR. GLYNN: Yes, sir.

BY THE COURT: Before we proceed further with the arraignment in this matter, do you have a lawyer Odis?

BY MR. GLYNN: No, sir.

BY THE COURT: You are entitled to have a lawyer to represent you at all stages of your proceedings in this matter. Do you expect to get a lawyer to represent you?

BY MR. GLYNN: No, sir.

BY THE COURT: If you do want a lawyer, you will be furnished with a lawyer to represent you in all matters in these proceedings. To protect your constitutional rights, and if you do desire a lawyer, you may have one of your choice or the court will appoint you a lawyer to represent you, if you desire one to protect all of your constitutional rights.

BY MR. GLYNN: I want to get this thing over with.

BY THE COURT: You waived your preliminary hearing and you are entitled to have a preliminary hearing. Do you want one?

BY MR. GLYNN: No, sir. I am ready.

BY MR. PAYNE: Your Honor, in order to clarify a matter or two, may I ask the defendant some questions?

BY THE COURT: You may proceed.

BY MR. PAYNE:

Q. You understand that you can have a jury trial if you want one?

A. Yes, sir.

Q. And that you can plead not guilty and the court will appoint you a lawyer if you want one and you can have a jury trial in this case?

A. Yes, sir.

Q. Has anyone threatened you, or promised you anything at all since you have been in custody or before?

A. No, sir.

Q. You tell the judge now that you don't want a jury trial, and that you want to enter your plea?

A. I don't want a jury trial. I want to plead guilty.

BY MR. PAYNE: Your Honor, I will read the information to the defendant. (Whereas the information in case number 3982 was read to the defendant).

BY THE COURT: In open court the County Attorney has given you a copy of the information in this case and you have just heard it read. Do you understand the contents of it, Mr. Glynn?

BY MR. GLYNN: Yes, sir.

BY THE COURT: The record will show that the defendant was advised of his constitutional rights in open court and says his true name is Odis Glynn. How do you want to plead to the information, guilty or not guilty?

BY MR. GLYNN: Guilty, Your Honor.

BY THE COURT: The defendant has entered his plea of guilty to the information and with that plea, what is the recommendation of the County Attorney?

BY MR. PAYNE: I recommend that the defendant to be sentenced to serve a term of life imprisonment in the State Penitentiary in McAlester, Oklahoma.

BY THE COURT: On the recommendation of the County Attorney, the record will further show that the defendant, Odis Glynn, is sentenced to serve life imprisonment in McAlester, Oklahoma and is remanded to the sheriff of McCurtain County for transportation.

BY MR. GLYNN: Thank you sir."

From the statements and sworn testimony of the county attorney and former sheriff of McCurtain County, it appears

that they attempted to advise him of his constitutional rights including the right to be represented by counsel, and his right to a jury trial; however, no record of these conversations were transcribed and recorded. From the transcript and record of the arraignment and plea in the District Court (above set forth), it does affirmatively appear that the then County Attorney attempted to advise the defendant of his rights, but we are unable to conclude from the record that the defendant *knowingly and intelligently* entered a plea of guilty *with full knowledge of the nature and consequences of such plea,* nor can we conclude that the simple requirements repeatedly announced by this Court in Ex parte Barnett, supra; Application of Kinnison, supra; and In re Coleman, supra, were followed.

The recommendation set forth in In re Coleman, supra, has all too frequently been ignored. For the purpose of emphasis, we here reiterate the admonition previously set forth that:

"* * * under circumstances where the death penalty may be assessed, the court *should always appoint counsel* to consult with a prisoner and not accept a plea until counsel has ample opportunity for such consultation." [Emphasis added.]

In all future cases where an indigent defendant, charged with a capital offense, is arraigned in District Court, the Judge of said court must appoint counsel and give him sufficient time to confer with the accused and investigate the circumstances surrounding said charge, in order that he may intelligently advise the defendant prior to the entry of a plea. The failure of trial courts to follow this simple rule in all future cases will constitute reversible error.

While it did not become effective until May 22, 1967, prosecuting attorneys, law enforcement officials, and judges, should follow the procedure set forth in 22 O.S. § 464, the same providing:

"Every person held in custody because of felony charges pending against him, or likely to be filed in the State of Oklahoma, must be taken before the district judge, or one (1) of the judges of a court of record, or the county judge sitting as an examining magistrate, in the county wherein he is confined, without undue delay after his arrest, by one (1) of the officers confining him, and it shall be the duty of said judge to advise him of his right to counsel, and if said person be indigent, to appoint counsel to represent him, unless such person shall have, after being advised of his right to counsel, knowingly and intelligently waived such right. The attorney so appointed shall represent said person until he is discharged by the court and shall receive such compensation as is ordered by the court not to exceed One Hundred Dollars ($100.00).

If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him. Provided, that in all counties of the state having a city therein of over one hundred thousand (100,-000) and less than two hundred twenty-five thousand (225,000) population, according to the last preceding regular Federal Decennial Census, a majority of the district judges, sitting regularly in said county, shall appoint not to exceed two (2) duly qualified and practicing attorneys ·to act as counsel in all such cases, who shall serve in such capacity during the tenure of the judges making such appointment, or until sooner termination thereof by a majority vote of said district judges. Each of the attorneys so appointed shall receive for such services the sum of Two Hundred Dollars ($200.00) per month, One Hundred Dollars ($100.00) thereof to be paid by the county in which said appointment is made, and One Hundred Dollars ($100.00) thereof to be paid out of the court fund of said county, together with

an amount not to exceed Fifty Dollars ($50.00) each per month, out of the court fund, in payment of expenses incurred for transportation, communications, investigations, transcripts and secretarial hire, and shall be precluded from appearing as counsel in any and all other criminal actions."

We wish to emphasize that nothing in this opinion precludes an indigent defendant from knowingly and intelligently entering a plea of guilty after having sufficient time to confer with counsel.

For all of the reasons above set forth, the judgment and sentence appealed from is reversed and remanded for a new trial, and the trial judge is instructed to appoint counsel to represent the defendant and if requested, to enter an order granting the defendant a preliminary hearing. Reversed and remanded for a new trial with instructions.

NIX, P. J., and BRETT, J., concur.