Jimmie Ray DORROUGH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14332.

Court of Criminal Appeals of Oklahoma.

March 26, 1969.

Ronald L. Wesner, Cordell, for plaintiff in error, Jimmie Ray Dorrough, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Jimmie Ray Dorrough, hereafter referred to as defendant, was charged and tried in the District Court of Washita County by a jury for the offense of burglary in the second degree. Defendant was represented by court appointed counsel; and on February 17, 1967 the jury returned a verdict of guilty and assessed defendant's punishment at two years confinement in the state penitentiary. Motion for new trial was filed, which was overruled by the trial court. Judgment and sentence was imposed on defendant on February 17, 1967, after the defendant showed no cause for not passing judgment and sentence at the time and no delay therefor was requested. After notice of intention to appeal was filed, this appeal is taken from that judgment and sentence. The appeal was filed in this Court on March 8, 1968.

Defendant was charged with another man with having committed the offense of burglary in the second degree on August 26, 1966, by unlawfully, wilfully and feloniously breaking and entering the barn owned by Mr. Gene Flaming, located in Washita County, and which contained certain personal property of the owner, with the requisite intent of taking property from the owner. The following day, August 27th defendant and the other man, Chesley Mitchel, were arrested in Oklahoma City for traffic violations, when their automobile was searched. The police officers found several weapons and some burned copper wire in the back of the automobile. On August 29th a warrant of arrest was issued by the County Judge of Washita County, and both men were returned to Washita County to stand trial on this second degree burglary charge.

In his brief, defense counsel argues three assignments of error, the first of which is: Defendant was not represented by counsel throughout preliminary stages of the criminal proceedings nor were they effectively waived.

The argument to support this contention relates that the record shows that defendant was not represented by counsel at his preliminary hearing. We observe the record reflects on page 5, in part as follows: "[T]he Defendant Jimmie Ray Darrough appearing in person; * * *. And the Defendant Jimmie Ray Darrough, *stated* that upon advice of his counsel he waived preliminary hearing; * * *."

We observe from the record also, that counsel did not raise this question in either his motion for new trial, nor in his petition in error and raises it for the first time in his brief. The record also reflects that at the commencement of trial, the defendant announced in open court that he was ready to proceed to trial; and on page 13 of the record, the defendant announced in open court that he did not desire the aid of his court appointed counsel; but notwithstanding defendant's announcement, the trial court instructed counsel to sit with the defendant to assist him throughout the trial, which he did.

In support of this proposition counsel cites the decision of the United States Supreme Court in Escobedo v. Illinois, 378 U. S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and In re Application of Kinnison, Okl.Cr., 335 P.2d 645. However, as we read the "Escobedo Case" we find that it bears mainly with the admissibility of testimonial evidence obtained from a defendant under circumstances that did not meet constitutional standards for protection against self-incrimination. Consequently, that case does not bear directly on the facts of the instant case. Likewise, In re Kinnison, supra, can be readily distinguished from the instant case, and is therefore not applicable as defendant attempts to apply the rule thereof.

 It has long been the rule that the record of proceedings are to be presumed to be correct and any irregularity therein must be shown by proper proof. The record before this Court recites that defendant *"stated"* to the examining magistrate, "that upon advice of his counsel he waived preliminary hearing." There is nothing before this Court to show anything to the contrary. This Court has held on numerous occasions that the preliminary examination is not a critical stage of the proceedings, in that the law provides means of remanding the case back for such examination if such is considered necessary, and for quashing or setting aside the information at the proper stage. This Court has also held many times that if a defendant pleads to the merits on arraignment, and enters on trial, he waives his right to a preliminary examination; or if one was held, he waives any irregularities therein. Consequently, we cannot accept defendant's contention that he was denied any of his rights, because counsel was not appointed for him when he waived his preliminary examination. The record clearly reveals that the trial court appointed counsel for defendant and granted a continuance—when his employed counsel failed to appear for the first day of trial;—and the court directed the court appointed counsel

to assist defendant in spite of defendant's attempt, in open court, to refuse counsel's services. We therefore deny defendant's first proposition as being justification to reverse this case. See: Brown v. State, Okl.Cr., 405 P.2d 698; Melchor v. State, Okl.Cr., 404 P.2d 63; and Perry v. State, 31 Okl.Cr. 250, 238 P. 229.

 Secondly, defense counsel argues that the trial court erred in admitting evidence which was properly excepted to during the course of trial. In this proposition he argues that the testimony of the two Oklahoma City police officers' evidence was the result of an unlawful search and seizure of defendant's automobile. However, it has long been held, that the search of an automobile incident to a lawful arrest by an officer is a proper one. Consequently, the testimony of the arresting officers was properly admitted at defendant's trial. See: Keith v. State, 30 Okl.Cr. 168, 235 P. 631, and Kirk v. State, 92 Okl.Cr. 360, 223 P.2d 558.

██ Lastly, defense counsel's brief cites as error the failure of the trial court to sustain his demurrer to the evidence. We cannot accept this contention as error. This Court has held on numerous occasions that where there is any competent evidence tending to sustain the allegations of the indictment or information, the court should not sustain a demurrer to the evidence. See: Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534, and Smith v. State, 44 Okl.Cr. 254, 280 P. 317.

██ As we review the record, the prima facie allegations of the information were set forth with particularity and were properly sustained by competent evidence during the trial. Clearly the elements of the offense of burglary in the second degree were properly proved by competent evidence, i. e. the breaking and entering with the intent to commit a theft. In this case, the possession of stolen articles, to wit: the copper wire, which was properly identified by the owner, constituted circumstantial

evidence tending to prove defendant's intent to commit the crime.

In this appeal the defendant filed a brief "pro se," in addition to that filed by his court appointed counsel. In his own brief defendant asserts that certain evidence was improperly admitted because of an unlawful search and seizure. As hereinbefore stated, we do not accept this proposition for the reason the record shows the defendant was arrested for speeding and running a stop sign. Even though the motivation for the officers' following defendant's automobile was the suspicion of defendant's possession of stolen property, when defendant's automobile commenced speeding and when the stop sign was passed without stopping, what might have been an arrest on suspicion became an arrest for violation of the ordinances of the City of Oklahoma City and ripened into a lawful search and seizure.

Secondly, defendant's pro se brief recites that the officers did not observe defendant commit a misdemeanor in their presence, and neither officer had any knowledge of a felony having been committed. As stated above, had the defendant not violated the City ordinances, his statement might have merit; but under the facts of this case these contentions, as his other contentions, are without merit. The record reflects that the arrest was lawful and the incident search of the automobile was likewise lawful.

After having reviewed the record, the brief submitted by the court appointed counsel and the brief filed "pro se", we are of the opinion that this case should be affirmed. The defendant was afforded due process of law, and received a fair trial in which competent evidence was offered to sustain the conviction for second degree burglary.

It is therefore ordered that this case shall be affirmed.

Affirmed.

BUSSEY and NIX, JJ., concur.