Ronald Paul KORNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15513.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Ronald Paul Korne, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, for the crime of Armed Robbery; was sentenced to serve an indeterminate sentence of not less than five, nor more than fifteen years imprisonment in the state

penitentiary, and has been granted a post conviction appeal.

Briefly stated, the facts in this case are as follows:

On May 2, 1968, Sipes Food Market in Tulsa County, which is located at 61st Street and Yale in the Holiday Hills Shopping Center in Tulsa, was robbed at approximately 11:20 a. m. Testimony at the time of trial indicated that a person, later identified as the defendant, entered the store at approximately 11:20 a. m. and approached a Mr. Treat, who worked behind the checkstand. There was testimony to the effect that the person who entered the store had a large head of hair, and Mr. Treat was suspicious of him when he entered the store. The evidence adduced on the trial was that the person identified as the defendant walked up to the checkstand and asked Mr. Treat to fill a #8 paper sack with all the money from the register. At the same time he did this, he opened his coat and showed Mr. Treat a revolver in his belt. At this time Mr. Treat filled the sack with approximately $2,100.00 belonging to Sipes Food Market. Two other witnesses inside the food market at the time of the robbery testified that the defendant was the person who committed the robbery.

The defendant took the stand in his own defense and denied having robbed the above-mentioned store. He further introduced twelve witnesses who testified to the effect that on the date in question defendant had a mustache and beard which were very noticeable. None of the State's witnesses mentioned the fact that the robber had a mustache or beard at the time of the robbery.

█ It is first contended that the trial court erred in the second stage of the two-stage proceeding, in instructing the jury as to "good time credits" as provided in 57 O.S.Supp. § 138. Defendant correctly contends that the giving of this instruction was error, and although we have previously held that the giving of this instruction in the second stage of a two-stage proceeding, after the determination of defendant's guilt,

does not require reversal, under the facts here presented, we are of the opinion that the ends of justice would best be served by modifying the sentence from an indeterminate sentence of from five to fifteen years, to a term of seven years imprisonment in the state penitentiary.

■■ Defendant secondly contends that it was error for the trial court to conduct a two-stage proceeding, but fails to demonstrate how he was injured thereby. We hold that although it was error, under the circumstances, to conduct a two-stage proceeding, such error is not sufficient to require reversal in the instant case, but was a factor considered in modifying the judgment and sentence. Two-stage proceedings should not be conducted in any case unless a former conviction is alleged in the Information to enhance punishment or unless otherwise authorized by statute.

For the reasons above set forth, the judgment and sentence appealed from is modified from an indeterminate sentence of from five to fifteen years, to a term of seven (7) years, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.