**Earl Henry McDOULETT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15699.**

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Rehearing Denied July 6, 1971.

Gordon L. Patten, Tulsa, Okl., for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Earl Henry McDoulett, hereinafter referred to as defendant was convicted by jury verdict in the District Court of Tulsa County, Case No. CRF–69–899, for the crime of knowingly receiving stolen property, and sentenced to a term of 1 to 5 years imprisonment. Judgment and sentence was imposed in accordance with the jury verdict on November 14, 1969, and this appeal perfected therefrom.

■ It is the first assignment that the trial court committed error in failing to sustain defendant's demurrer as the evidence was insufficient to support a verdict of guilty. The evidence established that a 1967 Chevrolet Camaro belonging to James H. & Sarah Markley was stolen from the Shell parking lot in Tulsa County, at approximately 2:00 P.M. on June 2, 1969. Wesley Moman, Jr. testified that on that date, at approximately 1:15 he stole a 1967 Chevrolet Camaro from the Shell parking lot. After taking the car, Moman picked up a friend, Reuben Thurman and after driving the vehicle around attempted to sell the car to a man named Everett at Dale's Auto Salvage. Everett made a phone call and referred Moman to the defendant at Mingo

Auto Salvage Yard. Moman testified that they met the defendant at about 6:00 P.M. in the Mingo Auto Salvage Yard saying they had been sent by Everett. Reuben Thurman testified that defendant paid him $100 for the Camaro and that he gave $50 to Moman and kept the other $50.

The defendant testified that he did not purchase a 1967 Camaro or take possession of same on the day in question. Five witnesses also testified for the defendant that they had been at the salvage yard on June 2, 1969, but did not see Moman or Thurman or a 1967 Camaro.

■ On the basis of this evidence we find that defendant's assignment of error is without merit. Where there is any competent evidence tending to sustain the allegations of the information, it is not error for the trial court to overrule defendant's demurrer to the evidence. Dorrough v. State, Okl.Cr., 452 P.2d 816 (1969). In this case the jury had before it competent evidence from which it could conclude that the defendant was guilty as charged. Where there is competent evidence in the record from which the jury could reasonably conclude defendant was guilty as charged, this Court will not interfere with the verdict, even though there is sharp conflict in the evidence and different inferences may be drawn therefrom as it is the exclusive province of the jury to weigh the evidence and determine the facts. Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

■ The second assignment of error is the trial court's failure to give proper instructions as to defendant's theory of the case. However, defendant does not advise us as to what instructions he desired nor does the record disclose that he offered an instruction as to his theory which was denied by the trial court. In this regard, we note the rule stated in Ford v. State, 52 Okl.Cr. 321, 5 P.2d 170:

"If the defendant desires special instructions in the trial of a criminal case, he is required by the provisions of our criminal procedure to present in writing to

the court the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instructions."

We find no such requested instruction in the record. It is fundamental that it is the burden of the defendant not only to make such a request for an instruction but to sufficiently preserve the record in order to allow adequate appellate review. In Davidson v. State, Okl.Cr., 330 P.2d 607 (1958), this Court said:

"Whether or not trial court should give an instruction on the effect of the defendant's possession of recently stolen property, in the absence of a request, is to be determined by the facts in each individual case and where no request is made it will not be deemed error unless such instruction is of such materiality as to render it fundamental."

We have reviewed the instructions given by the court and considering them as a whole, we believe they are a proper statement of the law. We do not find the absence of any necessary instruction which could be considered as fundamental error or as to deny the defendant a fair trial. Accordingly, we conclude that this assignment of error is without merit.

It is defendant's third assignment that the trial court committed error in giving Instructions No. 1 and No. 2 in the second stage of the trial after the jury had determined the defendant's guilt. Although the record reflects that defendant objected to the giving of these instructions, we are of the opinion that they do not constitute reversible error.

■■■    Although defendant was not charged as a subsequent offender, the trial was conducted in a two-stage proceeding with the jury instructed in the first stage regarding the crime charged. After the jury returned a verdict finding the defendant guilty of the offense, they were instructed as to the punishment applicable. Instruction No. 1 in the second stage accu-rately informed the jury that the conviction for knowingly receiving stolen property carried a maximum of five (5) years imprisonment. Instruction No. 2 accurately informed the jury that upon conviction they "may" fix a minimum and maximum term of imprisonment within the limits provided in Instruction No. 1. These instructions were accurate statements of the law. 57 O.S.Supp.1970, §§ 353–356. The act authorizing a minimum and maximum term, referred to as the 'Indeterminate Sentence Act', provides an optional alternative in the imposition of sentences in criminal cases. It is applicable in jury trials as well as in cases where the defendant enters a plea of guilty. Cooper v. State, Okl.Cr., 415 P.2d 1009 (1966).

■■■    Defendant also argues that it was error for the trial court to conduct a two-stage proceeding since the defendant was not charged under the subsequent offender statute. Admittedly, there is no authority for a two-stage proceeding unless the defendant is charged as a subsequent offender. However, we find nothing in the record to indicate that the defendant objected to a two-stage proceeding. Defendant's objection in the second stage of the proceeding to Instructions No. 1 and No. 2 does not constitute an objection to separating the determination of guilt from the penalty phase of the trial. Although the two-stage trial under the circumstances was improper, it is insufficient to require reversal. Korne v. State, Okl.Cr., 476 P.2d 386 (1970). Defendant does not advise us how he was prejudiced by a two-stage trial nor do we see how any prejudice could flow from it.

Accordingly, we are of the opinion that the giving of Instruction No. 1 and No. 2 was correct; and further that a two-stage trial where defendant was not charged as a subsequent offender was improper but not reversible error.

Affirmed.

BUSSEY, P. J., and BRETT, J., concur.