**Merlin J. BRIDGE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–75–100.**

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

As Corrected June 6, 1975.

Tom J. Amis, Meeker, for appellant.

Larry Derryberry, Atty. Gen., James R. Swartz, Asst. Atty. Gen., David R. O'Brien, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Merlin J. Bridge, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Lincoln County, Oklahoma, Case No. M–73–554, for the offense of Obtaining Public Assistance by Means of False Pretenses, in violation of 56 O.S.1971, § 185. His punishment was fixed at a fine of Two Hundred ($200.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Charlotte Everett, testified that she was a case worker for the Department of Institutions, Social and Rehabilitative Services (DISRS). Mrs. Everett testified that she had custody of the defendant's DISRS file. That file contained an application for public assistance signed by the defendant and dated June 27, 1969. The application for assistance was granted and shortly thereafter, defendant started receiving public assistance.

Also contained in the file was a yearly review of eligibility form dated August 16, 1971. On this form, defendant among his assets listed ownership of two lots and a house located at 1206 S.W. 19th in Oklahoma City. The defendant claimed the total value of this property was Four Thousand ($4,000.00) Dollars, and his equity therein was One Thousand Five Hundred ($1,500.00) Dollars.

On cross-examination, Mrs. Everett admitted that she had no personal knowledge what disposition, if any, the defendant might have made of the property.

Another employee of DISRS, Zella Hood, testified for the State that she was employed by DISRS in the Chandler, Oklahoma office on March 30, 1972. She related that on that date the defendant came to the Chandler DISRS office and asked that his case be transferred from Oklahoma City to Chandler. Defendant told Mrs. Hood that he was living in Chandler and therefore wanted his case to be administered there.

Michael Moore, an investigator for DISRS, testified that on September 4, 1974, he received a warranty deed from the Oklahoma County Registrar of Deeds. That deed was executed by Merlin J. Bridge and Alpha S. Bridge as grantors, to Tony W. Bridge and Linda D. Bridge as grantees, and conveyed the same two lots that defendant listed in his 1971 eligibility. The deed recited one dollar paid in hand and other consideration. According to the deed, the grantees agreed to assume an outstanding mortgage of $2,370.64. Moore testified that nowhere in the file did it appear that defendant had ever notified DISRS of this conveyance as was required by the terms of the original application for public assistance.

Moore, on cross-examination, stated that he had no personal knowledge of the circumstances surrounding the conveyance.

The State's final witness was James Waller. He testified that he had been the DISRS case worker for the defendant and, in that capacity, had informed defendant on August 8, 1972, that the sale of the Oklahoma County property was nowhere listed in his file. Waller said that had DISRS been notified of the conveyance of

the property, defendant's aid would have been terminated. The defendant told Waller that he no longer owned the property.

Defendant's son, Tony W. Bridge, was the first witness for the defendant. He gave his address as 1206 S.W. 19th, Oklahoma City, Oklahoma, having acquired this property from the defendant in February, 1972. The witness said he paid his father no money for the home; rather, the consideration given was his promise to assume the mortgage of the property.

The defendant testified that he had applied for, and received, public assistance and was receiving assistance at the time the house was transferred to his son in 1972. He stated that he transferred the property to his son because he was unable to make monthly mortgage payments and was threatened with foreclosure of the mortgage. Defendant identified the deed that had been previously introduced as the one he and his wife had executed to his son to convey the property. Defendant said that he was certain that he had informed the DISRS in Chandler of this conveyance at the time he asked to have his case transferred to that office.

As his sole proposition of error, the defendant asserts that the trial court erred in overruling his Demurrer to the evidence. With this contention we cannot agree. The general rule on the disposition of Demurrers was stated in *Lauhoff* v. *State,* Okl.Cr., 508 P.2d 285 (1973), wherein we stated:

". . . We have repeatedly held that where there is competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence. See Martin v. State, 92 Okl.Cr. 182, 222 P. 2d 534 (1950); Dorrough v. State, Okl. Cr., 452 P.2d 816 (1969) and McDoulett v. State, Okl.Cr., 486 P.2d 654 (1971)."

In the instant case, the deed introduced as State's Exhibit No. 12, showed that the defendant had made a conveyance. There was evidence in the testimony of the witnesses, Waller and Moore, that this conveyance was not reported to DISRS as alleged in the information. There is also evidence that had this conveyance been reported to DISRS the defendant's public assistance would have been terminated. This evidence, if believed, would prove that the defendant had violated 56 O.S.1971, § 185, in that he had obtained public assistance greater than that to which he was justly entitled by making a conveyance of property. Because of this, and other evidence, the rule stated in *Lauhoff,* supra, was satisfied and the Demurrer was properly overruled.

In conclusion, we observe the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, affirmed.

BLISS, J., concurs.

BRETT, P. J., dissents.