**Gary TOWRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–838.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1975.

Rehearing Denied Sept. 25, 1975.

Ed McConnel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gary Towry, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1040, for Unlawful Distribution of a Controlled and Dangerous Substance, Marihuana, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at a term of two (2) years' imprisonment and a fine of Two ($2.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Richard Fleming, a patrolman with the Midwest City Police Department, testified that on March 18, 1974, he was acting as an undercover narcotic agent. Accompanied by two other police officers and an informant, Mike McDonald, Fleming stated that he went to the Pub, a recreational facility at Tinker Air Force Base, in an attempt to purchase marihuana, at approximately 10:00 p. m. Soon after entering the bar, Fleming was introduced to the defendant by McDonald. The defendant offered to sell Fleming a small amount of marihuana for two dollars. Following the offer to sell by the defendant, Fleming testified that an exchange took place and he and McDonald left the club, and met the surveillance officers who marked the evidence.

A. H. Burgett, a detective with the Del City Police Department, testified that he was one of the surveillance officers who accompanied Fleming on March 18, 1974.

Ann G. Reed, a forensic chemist for the Oklahoma State Crime Bureau, testified that she examined and tested the evidence marked by Fleming after the purchase and admitted at trial and determined the substance to be marihuana.

The State then rested.

The defendant, testifying in his own behalf, stated that he was a radar technician in the United States Air Force stationed at Tinker Air Force Base. On the evening in question the defendant stated that he went to the Pub and while there Fleming and McDonald arrived. McDonald purportedly asked the defendant if he knew where he and Fleming could buy some marihuana. The defendant stated that he did not and McDonald and Fleming left. Fleming persistently came back to him on four more occasions during the evening asking if the defendant had located any marihuana. On the final occasion, the defendant testified that he relented and gave Fleming a small amount of marihuana. The defendant stated that he wished no remuneration, but Fleming offered him two dollars and he

accepted it in order to get Fleming to leave him alone.

The defense then rested.

Fleming was then called by the State as a rebuttal witness. His testimony basically controverted the statements made by the defendant which were inconsistent with Fleming's prior testimony.

■ In his first assignment of error, the defendant contends that the trial court erred in refusing to dismiss the case of lack of jurisdiction. The question of whether Tinker Air Force Base, located in Oklahoma County, is within the jurisdiction of the State of Oklahoma was before this Court in the case of *Kuerschner v. State*, Okl.Cr., 493 P.2d 1402 (1972). The jurisdiction of the State of Oklahoma was upheld in *Kuerschner*, supra, since there was no evidence before this Court showing any agreement between the United States of America, accepting, and the State of Oklahoma, transferring, complete jurisdiction of Tinker Air Force Base. An analogous situation exists in the case at bar, therefore, this Court can only conclude that the State of Oklahoma possessed both civil and criminal jurisdiction in and upon the area in question on March 18, 1974. Accordingly, the defendant's assignment of error is without merit.

■■ In his second assignment of error the defendant contends that the trial court erred in refusing to grant defendant's Demurrer to the State's evidence. We are of the opinion that the evidence, though conflicting, is sufficient to support the determination of the jury. Repeatedly this Court has held, ". . . that where there is competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence." *Lauhoff v. State*, Okl.Cr.,

508 P.2d 285 (1973). See also, *McDoulett v. State*, Okl.Cr., 486 P.2d 654 (1971); *Dorrough v. State,* Okl.Cr., 452 P.2d 816 (1969), and *Martin v. State*, 92 Okl.Cr. 182, 222 P.2d 534 (1950).

For the above and foregoing reasons, we find defendant's second assignment of error to be without merit.

■■ The defendant's final assignment of error challenges the constitutionality of 63 O.S.1971, § 2–401, the statute under which the instant charge was filed, in that it prohibits the granting of suspended sentences, deferred sentences, or probation in cases involving controlled dangerous substances enumerated in the Act. We must consider this contention in light of the recent legislative enactment, 22 O.S.Supp. 1975, § 2–401 which provides for suspended sentences, deferred sentences or probation for first offenders. We, therefore, conclude that such legislative enactment has rendered this assignment of error moot. We further advise the defendant that this Court's opinion today does not preclude the defendant from seeking relief on the basis of the recent legislative enactment. Upon proper application to the trial court, the trial judge, within the legislative authorized discretion, may: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S.1971, § 991c; (2) suspend execution of the judgment and sentence under the provisions of 22 O.S.1971, § 991a; or, (3) deny the application.

For all of the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *affirmed.*

BLISS, J., concurs.

BRETT, P. J., concurs in results.