Peter John ELMORE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-90-604.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1993.

Dick W. Tannery, Lawton, for appellant.

Fred Smith, Asst. Dist. Atty., Lawton, Susan Brimer Loving, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Tracy A. Land, Legal Intern, Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant, Peter John Elmore, was convicted of Unlawful Distribution of Cocaine (63 O.S.Supp.1984, § 2–401) following a tri-al by jury in the District Court of Comanche County, Case No. CRF–89–413. The jury recommended that he be sentenced to serve a term of ten years incarceration and the trial court entered the sentence accordingly. He has appealed the conviction raising three errors for our consideration: that the notice filed by the State pursuant to *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979) overruled in part on other grounds 772 P.2d 922 (Okl.Cr.1989), was legally insufficient, that the evidence admitted pursuant to the notice was improper and that error occurred when he was forced to undergo a bifurcated proceeding, notwithstanding the fact that he was a first time offender. We do not find that any reversible error has occurred.

The errors alleged by Appellant concern both procedural and evidentiary matters. None of the allegations concern the actual substance of the charge against him. Accordingly, only the facts of the case which are relevant to the various claims will be addressed, and then in the context of our review.

In his first allegation, Appellant claims that the "Notice of Intent to Use Evidence of Other Crimes" filed by the State was insufficient in that it failed to allege a crime as required by the *Burks* opinion [1]. The State filed the Notice indicating that it intended to present evidence to the jury concerning Appellant's attempt to find someone to do bodily harm to the States' principal witness, Vanessa Keith [2] in an effort to prevent her from testifying against him.

The Notice filed by the State provided:
That at and within Comanche County, State of Oklahoma on or about the 14th day of September, 1989, the said defendant PETER JOHN ELMORE, did then and there, wilfully, unlawfully, and feloniously commit the crime of Conspiracy to Obstruct Justice, in manner and form as follows, to wit: that the said PETER

---

1. The State is required to "furnish the defendant with a written statement of the other offenses it intends to show, described with the particularity required of an indictment or information." *Burks,* 594 P.2d at 774.

2. Ms. Keith, while serving as a police informant, bought the cocaine giving rise to the instant action from Appellant.

JOHN ELMORE did wilfully, unlawfully, and feloniously conspire with one Mark Kilgus to commit an act injurious to the public health, to public morals or to trade or commerce or for the perversion or obstruction of justice or the due administration of the laws as follows to-wit: that the defendant PETER JOHN ELMORE did conspire to retain the services of Mark Kilgus to injure and permanently disable a state's witness Vanessa Keith to prevent her testimony in the above styled and numbered cause. Title 21 O.S. Section 421 (1979).

The Notice continued, stating that the State's purpose in seeking to introduce this conduct by Appellant was to show "motive, opportunity, intent, preparation, plan, knowledge, identity or absence or mistake or accident" pursuant to 12 O.S.1981, § 2404(B).

Appellant's claims that because Mark Kilgus was acting as a law enforcement agent (he was a paid informant), there could be no conspiracy. He also claims that the State failed to allege an "overt action" which is an essential element of conspiracy. His conclusion, then, is that because of these deficiencies, the evidence concerning his plot to harm the State's witness should not have been allowed into evidence. While we agree with Appellant's conclusion that the Notice failed to completely plead the crime of conspiracy, we disagree with his conclusion that the evidence was improper under *Burks*.

In *Freeman v. State*, 767 P.2d 1354 (Okl. Cr.1988), this Court considered the admissibility of evidence which, while not arising to the level of a criminal act, is still evidence of a "wrong" under 12 O.S.1981, § 2404(B) subject to the rules of *Burks*. We held "that an act not related to the crime charged need not constitute a violation of the criminal law for it to be governed by Section 2404(B)." *Id.* at 1355. Our analysis of the issue focused on the purposes of the section and on the strong presumption that all doubts should be re-

solved in favor of the admittance of evidence.

In the present case, there is no question but that the facts stated in the Notice did not sufficiently plead the crime of Conspiracy. There was no inclusion of facts alleging the essential element of an "overt action" because, quite simply, there was no overt action taken before the discussions between Appellant and Kilgus were discontinued [3]. As was the case in *Freeman*, we find it "illogical" under the statute that evidence proving a "wrong" but something short of a completed crime is not admissible, while evidence which does prove another offense is admissible.

The dictates of *Freeman* extend the rules of *Burks* to cases where other "bad acts" are offered as evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence or mistake or accident." Along with that extension, we conclude now that these acts must be pleaded in the notice with enough specificity to alert a defendant of the evidence which the State seeks to admit. For obvious reasons, the notice will be subject to a lesser standard of pleading than that required of one alleging an actual crime, however, it makes sense that an action that is not a crime may not be pleaded as such.

In this case, we find that the Notice filed by the State was sufficient. It contained factual allegations which established the time, place, parties and substance of the transaction. We find that the trial court properly admitted the evidence under Section 2404(B). The evidence, while certainly prejudicial, was relevant to show the intent, plan, knowledge and identity of Appellant as the perpetrator of the underlying crime. This probative effect adequately satisfy the requirement that the prejudicial effect be outweighed by the admission of the evidence. There is no error indicated here.

Appellant's next assignment of error also concerns the admission of the tape.

---

**3.** Based on this finding, we need not consider the finding of a conspiracy where a government agent is one of the conspirators.

He claims that the tape was made in violation of his Sixth Amendment right to counsel because it was made by an agent of a law enforcement agency after Appellant had been charged with the instant crime. In support of his proposition, he cites *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). He also directs our attention to *McCubbin v. State*, 675 P.2d 461 (Okl.Cr.1984).

The principles established by these cases are not applicable in the present case. The cited cases concern the admissibility of information pertaining to crimes already charged, subsequently gathered by an undisclosed government agent following the indictment or filing of a charging instrument. When the type of material garnered by the informant and its use at trial is considered, the distinction between those cases and the present case is clear. In *Moulton, Massiah,* and *Henry*, the evidence offered by the prosecution at trial consisted of substantive, inculpatory statements about the crimes for which the defendant was standing trial. Quite clearly, the acquisition of this evidence by police was in direct contravention to each defendant's right to consult counsel prior to giving incriminating evidence against himself.

In the present case, the statements admitted at trial concern the potential commission of an additional offense, involving incapacitation of a State's witness. The Supreme Court in *Moulton* specifically pointed out that although this same type of evidence was discovered during the surreptitiously taped conversations with the defendant, the prosecution did not introduce it for any purpose. The Court held that the investigation which lead to the discovery of the evidence was not improper in and of itself:

> The police have an interest in the thorough investigation of crimes for which formal charges have already been filed. They also have an interest in investigating new or additional crimes. Investigations of either type of crime may require

surveillance of individuals already under indictment. Moreover, law enforcement officials investigating an individual suspected of committing one crime and formally charged with having committed another crime obviously seek to discover evidence useful at a trial of either crime.

*Moulton*, 474 U.S. at 179, 106 S.Ct. at 489, 88 L.Ed.2d at 498.

The focus by the Court turned on the purpose for which the evidence was offered at trial. In the instant case, unlike those referenced above, the evidence offered by the State did not consist of statements by Appellant with respect to the commission of the crime for which he stood charged. Instead, the evidence concerned subsequent actions, which although not legally sufficient to be considered a crime, were unrelated to the substantive evidence of guilt necessary to prove the crime charged. We do not find that the trial court erred when the testimony was allowed.

In his final assignment of error, Appellant claims that the trial court erred when it forced him to undergo a bifurcated proceeding notwithstanding the fact that, unlike his co-defendant with whom he was tried, he had no prior convictions. We have previously held in similar circumstances that a bifurcated proceeding is not to be had unless specifically authorized by law. *Reed v. State*, 657 P.2d 662, 665 (Okl.Cr. 1983). We also found error based on this same ground in *Moore v. State*, 462 P.2d 286 (Okl.Cr.1969) and *Korne v. State*, 476 P.2d 386 (Okl.Cr.1970).

■ Although we find that the trial court erred when it forced Appellant to undergo a separate trial on sentencing, we cannot agree with his claim that the procedure was unduly prejudicial to him because his co-defendant was a previously convicted felon. We will not modify or reverse a sentence or a conviction unless we find not only error, but some prejudicial effect resulting from that error. *Harrall v. State*, 674 P.2d 581, 584 (Okla.Cr.1984). *See also Hall v. State*, 762 P.2d 264 (Okl.Cr.1988); *Gates v. State*, 754 P.2d 882 (Okl.Cr.1988).

█ During the second stage, no additional evidence was offered against Appellant. The trial court instructed the jury that they were to consider the evidence offered concerning previous offenses only against the co-defendant. Appellant's attorney argued Appellant's lack of prior convictions at length to the jury. Finally, we find that based on the verdicts returned with respect to sentencing, there was no prejudice. Appellant was sentenced to ten years, only five years more than the minimum and the co-defendant to twenty years, double the minimum sentence. The error was harmless and does not require any remedial actions by this Court.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LUMPKIN, V.P.J., and BRETT, J., concur.

JOHNSON, J., concurs in result.