THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JULIUS DAVIS, Alias JACK DAVIS, Alias JULIUS LODEL, Defendant.

Court of General Sessions of County of New York, April 5, 1938.

*Thomas E. Dewey, District Attorney* [*Thomas F. Moore, Deputy Assistant District Attorney,* of counsel], for the plaintiff.

*Louis S. Maritzer,* for the defendant.

STREIT, J.   This is an application for leave to inspect the minutes of the grand jury to enable the defendant to move to dismiss the indictment upon the ground that the evidence before the grand jury was insufficient.

The defendant has been indicted for the crime of feloniously jumping bail, in violation of section 1694-a of the Penal Law.

The indictment charges that the defendant was duly admitted to bail on October 13, 1932; that he furnished a bail bond in connection with the charge of attempted robbery then pending against him; that by the terms of the bail bond, the surety undertook that the defendant would appear and answer the charge in whatever court he might be prosecuted and that the defendant would at all times render himself amenable to the orders and processes of the court; that on October 25, 1932, the defendant was indicted by the grand jury of New York county for the crime of attempted robbery in the first degree and other crimes; that on January 16, 1933, the indictment for these crimes came on to be heard in Part 7 of the Court of General Sessions; that the defendant willfully and feloniously failed to appear on the trial in the said Court of General Sessions, as required by the bail bond, and that the defendant failed to appear or surrender himself in said court within thirty days from January 16, 1933.

On February 10, 1938, a short affidavit was filed in the Magistrates' Court charging the defendant with the crime of bail jumping.

On February 14, 1938, the defendant was arraigned before a city magistrate of the city of New York, in the Felony Court, upon the charge that on the 16th day of January, 1933, he failed to appear in the Court of General Sessions after being bailed in the amount of $10,000, to which he pleaded not guilty.

Thereafter, and on the 28th day of February, 1938, this defendant was indicted for the crime of feloniously jumping bail, in violation of section 1694-a of the Penal Law.

The crime for which the defendant was indicted on February 28, 1938, was created by chapter 374 of the Laws of 1928, and reads as follows: " A person who has been admitted to bail in connection with a charge of felony and who wilfully fails to appear as required and thereby incurs a forfeiture of his bail is guilty of a felony if he does not appear or surrender himself within thirty days."

This statute (§ 1694-a) was enacted by the Legislature in 1928 as a result of the recommendation of the Crime Commission submitted to the Legislature on February 28, 1927. At page 45 of the report of the Crime Commission, we find the following:

" In order also to remedy the abuse of jumping bail which often happens when a criminal finds that he is likely to be convicted and where he would rather take a money loss than stand a long term in prison, it is suggested that following the practice which prevails in Canada and on the analogy of treating the jumping of bail as similar to an escape from prison — the prisoner pending his trial is

technically in the custody of the State, it is proposed that the jumping of bail shall be made a crime in itself. At the same time the sole consequences to the bondsman is the forfeiting of the bond, and as most bail is now furnished by surety companies, and as there is generally a sufficient collateral insisted upon by those companies to protect them in such an event, it therefore means that the criminal who desires to escape the jurisdiction has in effect bought his way free.

" To put an end to this it is proposed to make the act of jumping bail a crime, making it a felony in the case where the person is charged with a felony, and a misdemeanor where he is charged with a misdemeanor."

New York is the only State in the Union which has the crime of bail jumping. The only other jurisdiction wherein I have been able to find a law similar to our statute exists in the Criminal Code of Canada (§ 189).

The defendant contends: (1) That the indictment shows upon its face that the Statute of Limitations is applicable as a bar thereto, the alleged bail jumping having occurred on January 14, 1933, and no proceeding was commenced thereon until February 10, 1938, when a short affidavit was filed in the Magistrates' Court charging the defendant with the said offense, and (2) That there could not be, under the true circumstances of the case, any proof of the wilful and felonious failure to appear for trial because the defendant did not receive notice to appear, and that there was no knowledge on the defendant's part that he was required to appear for trial on January 16, 1933.

With respect to the defendant's first point, that the Statute of Limitations has run against the bail jumping charge, we must determine whether the phrase or clause at the end of the statute, " if he does not appear or surrender himself within thirty days," is an ingredient or element of the crime. If it is, the crime could not be complete until thirty days have elapsed from the date of forfeiture. If the phrase or clause just quoted is not an ingredient or element of the crime, then the crime of bail jumping was completed on the day of forfeiture.

In other words, if the phrase or clause regarding the thirty-day period is part of the crime, it must be negatived and proved by the People; if not, it may be a proviso which need not be pleaded in the indictment, but becomes a matter of defense.

Professor Wharton, in his treatise on Criminal Evidence (11th ed., vol. 2, § 1083), says: " Where, in a statute, an exception or proviso qualifies the description of the offense, the general rule

is that the indictment or information should negative the exception or proviso, and the indictment must always negative exceptions which are expressly made not criminal. * * * And the general rule as to exceptions, provisos, and the like is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso; but where the exception is separable from the description, and is not an ingredient thereof, it need not be noticed in the accusation, for it is a matter of defense. It is not necessary that the word ' except ' be used in order to constitute a valid exception in the statute. The words ' unless,' ' other than,' ' not being,' ' not having,' all have the same legal effect and require the same form of pleading and proof."

I am not unmindful of the shadowy distinctions between exceptions and provisos, and the principles laid down in *Fleming* v. *People* (27 N. Y. 329) and *People* v. *Stedeker* (175 id. 57).

I have read the cases cited by the defendant and find that they do not support his contention.

A careful reading of the statute, however, shows that this crime has four elements: (1) That the defendant has been admitted to bail in connection with a charge of a felony, (2) that he has wilfully failed to appear as required, (3) that a forfeiture of his bail has been incurred by reason of his failure to appear, and (4) that he did not appear or surrender himself within thirty days after the forfeiture.

I am of the opinion that each is an important element and ingredient of the crime, and that no indictment could be valid and no conviction could be had unless the People have proven all four elements. The language is clear on its face. The phrase or clause, " if he does not appear or surrender himself within thirty days," is in the nature of a condition precedent which must take place before the crime is complete.

This leads me to the defendant's second point, that the defendant did not receive notice to appear in the Court of General Sessions. hence " there could be no intentional knowing and voluntary — *i. e.*, wilful bail jumping."

I fail to find any decisions construing the penal statute in question, but there are numerous opinions in connection with civil actions for forfeiture of bail which hold that lack of notice either to the defendant or to the surety is not a defense for the failure to appear as required under the terms of the bond, and that there is no obligation on the part of the district attorney to give the defendant notice of the particular day on which he proposes to move the

case of the People against the defendant.  Nor is there anything in the statute which requires the giving of notice to the defendant.

The People, however, must show that the failure to appear was wilful.  " Wilful " in this case means " intentional," " deliberate," that it was not an accident, that the failure to appear was through some act of commission or omission on the part of the defendant.

Whether the failure to appear was wilful is a question of fact depending upon the surrounding circumstances at the time.  The burden of proving every element of the crime, of course, is upon the People.

The defendant's affidavits do not disclose any reason for assuming that the evidence before the grand jury was insufficient to show that the failure to appear was wilful.

For the foregoing reasons, the application for an inspection of the grand jury minutes is denied.