**Albert Eugene CLAYTON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17410.**

Court of Criminal Appeals of Oklahoma.

May 24, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Appellant, Albert Eugene Clayton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Oscar Maddux testified that on August 6, 1971, he was driving south on Grand Boulevard about 11:00 p. m. at 25

to 30 miles per hour. As he crossed Eighteenth Street his car was struck from the rear by another car. He testified that he was "kind of dazed in a way" and the next thing he knew, the driver of the other car, whom he identified in court as the defendant, ran up and was "trying to beat on me with a tire tool." (Tr. 9) He was struck once on the elbow with the tool. He further testified that he grabbed hold of the tire tool and the defendant said he was going to go get some help so he (Maddux) "just took off." The tire tool was described as "just a little elbow-looking tire tool with a lug wrench on the end of it." (Tr. 19)

Bobbie Joe Compton testified that he lived at 1909 Southwest Grand Boulevard and on the evening in question he heard a crash in front of his house. He testified that the defendant got out of his car with a long metal object in his hand. He ran down the street to the second car and started swinging at the driver with the metal object. Compton then called the police station.

The defendant did not testify nor was any evidence offered in his behalf.

In the second stage proceedings, Detective Englebretson and Deputy Court Clerk William Miller Emerson testified about the former conviction of Burglary in the Second Degree, After Former Conviction of a Felony, in which defendant was represented by an attorney.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl. Cr., 473 P.2d 264.

From the foregoing statement of facts which establishes an unprovoked attack on the victim by the defendant, we cannot conscientiously say that the punishment imposed, although the maximum, shocks the conscience of the Court.

The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.