Joseph P. Sullivan, J.
Relator challenges the legality of his detention on a sentence imposed upon his conviction of an attempt to commit the crime of bail jumping in the second degree (Penal Law, § 215.56) on the grounds of the untimeliness of the commencement of the prosecution of the criminal action upon which he was convicted.
The facts are relatively simple. The prosecution under scrutiny was for the crime of bail jumping in the second degree. The charge arose out of relator’s alleged failure to appear in the Criminal Court on November 13, 1970 in connection with a charge then pending. A bail forfeiture was ordered and a bench warrant issued. Nothing is known about relator’s whereabouts until June 7, 1971, when he was arrested on an unrelated charge of robbery. It was not until April 27, 1973, however, that an information was filed charging him with the crime of bail jumping in the second degree.
The statutory limitation for the commencement of a prosecution for the crime of bail jumping in the second degree, a Class A misdemeanor, is two years after the commission thereof (CPL 30.10, subd. 2, par. [c]). The prosecution is commenced by the filing of the accusatory instrument (CPL 1.20, subds. 16, 17). In this case the accusatory instrument, i.e., the information, was filed on April 27, 1973, over four months past the second anniversary of relator’s failure to appear in the Criminal Court. By that date, the prosecution was obviously time-barred. The People, however, urge upon the court a tolling provision of the Statute of Limitations.
In calculating the time limitation applicable to the commencement of a criminal action, CPL 30.10 (subd. 4, par. [a], cl. [ii]) excludes therefrom the period in which 1 ‘ the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence.” The People contend that by virtue of this provision the period of almost seven months from November 13, 1970, when relator jumped bail, to June 7, 1971, when he was apprehended on another charge, would be excluded from the two-year limitation, If excluded, then the prosecution is timely.
*293 The parties have stipulated that any efforts which were made between November 13, 1970 and June 7, 1971 to ascertain relator’s whereabouts would be reflected only on the warrant issued upon relator’s default in appearance on November 13, 1970. Unfortunately, the warrant which was vacated on relator’s arraignment on the bail jumping charge is no longer in existence and so no information is available on that subject.
The People must prove beyond a reasonable doubt that the Statue of Limitations has not run (People v. Guariglia, 187 Misc. 843, affd. 272 App. Div. 784) and where the People rely on an exception to remove the bar of the Statute of Limitations, they must prove that the prosecution comes within the exception of the statute (People v. Steiger, 154 Misc. 538; People v. Guariglia, supra). Clearly, the People have failed to meet that burden here. Not a scintilla of evidence has been offered to demonstrate the exercise of reasonable diligence during the seven months in issue to ascertain relator’s whereabouts.
There remains for consideration only the question whether bail jumping is a crime, the commission of which is fixed and definite in time and place, or whether the crime is a continuing one. Section 215.56 of the Penal Law defines bail jumping in the second degree as a crime which occurs when a person released upon bail or his own recognizance “ does not appear personally on the required date or voluntarily within thirty days thereafter.” Thus, the crime of bail jumping occurs on the date the released person fails to appear, as required, so long as the absence continues for 30 days thereafter. The 30 days is no more than a ‘ ‘ grace period ’ ’ made necessary to limit reasonably the scope of the statute, since an intentional failure to appear is not an element of the crime (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 205.35, p. 681 [now repealed, replaced by § 215.56]).
Belator’s conviction of an attempt to commit the crime of bail jumping in the second degree is vacated. Since relator was committed to serve three sentences consecutively, he is remanded to the custody of the Department of Corrections of the City of New York which shall recalculate his discharge date accordingly.