Larry PARROTT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–469.

Court of Criminal Appeals of Oklahoma.

April 9, 1974.

**636**

Burke Mordy, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Larry Parrott, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRF–73–6, for the offense of Jumping Bail, After Former Conviction of a Felony; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence an appeal has been perfected to this Court.

At the trial, testimony indicated that the defendant was incarcerated in the Carter County Jail on August 7, 1971, for the crime of Burglary Second Degree, After Former Conviction of a Felony. Defendant was released from custody on the 30th day of August, 1971, at which time A. A. Davis of Ardmore, Oklahoma posted a $5,000.00 Surety Bond. The defendant failed to appear for the jury trial in case CRF–71–161 (Burglary Second Degree, After Former Conviction of a Felony). The defendant did not turn himself in to

the Sheriff within the statutorily prescribed thirty (30) day period following the forfeiture of bond caused by his failure to appear in court.

The defendant was returned to the Carter County Jail on January 27, 1973, after waiving extradition in the State of Oregon. The Sheriff of Carter County testified that the defendant did not ever surrender himself voluntarily during this entire period of time.

The bondsman, A. A. Davis, testified that he was notified, as bondsman for Larry Parrott, that the District Court trial for Larry Parrott was set for October 4, 1971. His testimony reflected that he made attempts to locate the defendant to notify him of the date of his trial, but was unable to do so. Mr. Davis testified further that he, in response to a call he received from the defendant, wired Ten ($10.00) Dollars on October 19, 1971, to Bakersfield, California. The witness further testified that on October 25, 1971, in response to a second telephone call, he wired One Hundred ($100.00) Dollars to Arvin, California. Mr. Davis also testified that he had paid the Five Thousand ($5,000.00) Dollars that represented the bond forfeiture into the court.

Subsequent testimony at the trial as to the trial of case CRF–71–161 indicated that the defendant's attorney was present in court at the time the case was called. The defendant was called three times in open court and three times in the hall of the courthouse by the bailiff, and the defendant did not appear.

Wayne Warthen, Investigator of the District Attorney's office, and Joe Litchfield both testified that the next time the defendant was seen by any of the officers of the court was when they flew to Klamath Falls, Oregon on January 26, 1973, to bring the defendant back to Ardmore, Oklahoma.

Carole Brooks, District Court Clerk of Carter County, identified State's Exhibit # 3 as a 1965 Judgment and Sentence, suspended on a plea of guilty by Larry Par-

rott for the commission of the crime of Grand Larceny. The witness further identified State's Exhibit # 4 as a 1965 Judgment and Sentence concerning Larry Parrott for the commission of the crime of Burglary, Second Degree.

■ Defendant asserts as his only proposition of error that the trial court erroneously overruled the defendant's Demurrer to the evidence as the State did not prove that the defendant wilfully failed to surrender himself within thirty (30) days following the date of his forfeiture.

The provisions of 21 O.S.1971, § 92, are as follows:

"The term 'wilfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

This Court recognizes the fact that this definition is provided to define the terms used in Title 21 of the Oklahoma Statutes and the defendant was tried for a violation of 59 O.S.1971, § 1335. This Court feels that this statutorily provided definition best provides the meaning of the word "wilfully" as used in 59 O.S.1971, § 1335.

■ Whether the defendant's failure to appear was wilfull is a question of fact to be determined by the jury. The jury made this determination in the instant case and this Court has repeatedly held that it is the exclusive province of the jury to weigh the evidence and determine the facts. Where there is evidence to support the jury's determination, this Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907 (1970); Clayton v. State, Okl.Cr., 497 P.2d 772 (1972).

■ The defendant's proposition of error is based on the failure of the State to give notice to the defendant as to when he was expected in court. This Court stated, in Maghe v. State, Okl.Cr., 429 P.2d 535 (1967), in speaking to the responsibility of one who is released on bond:

". . . [T]he responsibility is upon the defendant, when he is free on bail, to assure that his defense counsel and his bail bondsman know of his whereabouts at all times, in order that they may inform him of the time set for trial, if he does not otherwise know."

■ A search of bail jumping statutes in other states reveals that New York's statute is almost identical to 59 O.S.1971, § 1335. In determining whether the State had the responsibility of giving notice to one released on bail, the Court of General Sessions, People v. Davis, 168 Misc. 511, 5 N.Y.S.2d 411 (1938), stated:

"I fail to find any decisions construing the penal statutes in question, but there are numerous opinions in connection with civil actions for foreeiture of bail, which hold that lack of notice either to the defendant or to the surety is not a defense for the failure to appear as required under the terms of the bond, and that there is no obligation on the part of the District Attorney to give the defendant notice of the particular day on which he proposes to move the case of the People against the defendant. Nor is there anything in the statute which requires the giving of notice to the defendant."

The facts of the instant case indicate that the defendant did not meet his responsibility of keeping his counsel and the court informed of his whereabouts.

■ A search of the record in the instant case reveals competent evidence supporting the allegations of the charge of Jumping Bail. This Court has repeatedly held that where there is such competent evidence, the trial court should not sustain a Demurrer to the evidence. Dorrough v. State, Okl.Cr., 452 P.2d 816 (1969); Lauhoff v. State, Okl.Cr., 508 P.2d 285 (1973).

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.