Mario M. Albanese, J.
This is a motion brought by defendant for an order dismissing the indictment pursuant to CPL 210.20, upon the ground that dismissal is required in the interest of justice pursuant to CPL 210.40.
The undisputed facts are: On May 19, 1976, this defendant, Robert C. Bayless, was scheduled to appear for trial in the Fulton County Court at Johnstown, New York, on the then pending charge of grand larceny in the third degree (Penal Law, § 155.30). The defendant, not having appeared as required, on May 19, 1976, his bail in the amount of $1,000 was forfeited and a warrant was issued for his arrest on a charge of bail jumping in the first degree, pursuant to section 215.57 of the Penal Law. Subsequently, on May 21, 1976, while walking in a northwardly direction on North Perry Street in Johnstown, New York, towards Gloversville, New York, where the defendant resides, he was arrested pursuant to said warrant. Thereafter, on June 11, 1976, he was tried on the grand larceny charge before a jury, found guilty of petit larceny (Penal Law, § 155.25) and sentenced to one year in the Fulton County Jail where he was incarcerated from date of his arrest *207 for bail jumping on May 21, 1976 until December 17, 1976. On August 6, 1976, the Grand Jury of this county indicted defendant on said bail jumping charge which is still pending in this court and the subject of this motion. At his arraignment hereon on August 12,1976, defendant pleaded not guilty.
Under the fact pattern aforelisted, defendant moves for a dismissal in the interest of justice claiming that the crime of bail jumping presently pending against him is insufficient as a matter of law, contending that this crime is not technically complete until defendant fails to appear for trial and such absence continues for 30 days thereafter. Defendant further contends as a matter of defense pursuant to section 215.59 of the Penal Law, that he was not able to appear voluntarily for trial within 30 days after May 19, 1976 inasmuch as he was arrested as aforestated on May 21, 1976, and has been involuntarily in police custody from said date to December 17, 1976.
The People, on the other hand, contend, in essence, that by virtue of the addition of the word "voluntarily”, the Legislature substantially changed the nature of the offense intending that prosecution be permitted in the instance of a defendant’s involuntary arrest within the 30-day period and thereby rendering prior case holdings invalid in the construction of the present statute.
The question presented here, appears to be one of first impression inasmuch as no case law or ruling could be found wherein a court was called upon to answer this particular question as now before us. Notwithstanding the absence of legal precedent in point, a proper determination can nevertheless be achieved by analogy and reasoning from other cases dealing with bail jumping violations although the issues are not identical.
In the instant case, not only are the facts not in dispute but neither is the issue. The issue is conceded to be: can the defendant be prosecuted when, after he has failed to appear before the court as required on a bail bond, he is arrested — as opposed to a voluntary appearance — with that arrest taking place before the expiration of the 30 days following his failure to appear?
The court’s response to this question is in the negative.
Section 215.57 of the Penal Law, the statute with which the defendant here stands charged, is as follows: "A person is guilty of bail jumping in the first degree when by court order *208 he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.” The crucial verbiage under scrutiny from section 215.57 is: "and when he does not appear personally on the required date or voluntarily within thirty days thereafter”, with particular focus on the word "voluntarily”.
Predecessor bail jumping statutes, which by the way, were first made a crime in New York State in 1928, apparently the first State in the United States to do so, did not contain the word "voluntarily”. Former section 1694-a enacted in 1928 (L 1928, ch 374), a progenitor of section 215.57, read as follows: "A person who has been admitted to bail in connection with a charge of a felony and who wilfully fails to appear as required and thereby incurs a forfeiture of his bail is guilty of a felony if he does not appear or surrender himself within thirty days.”
The immediate progenitor of our present statute is former section 205.40 which read: "A person is guilty of bail jumping in the first degree when, having been released from custody, with or without bail, by court order or by other lawful authority, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, he fails to appear personally on the required date or within thirty days thereafter.”
Upon enactment of the present statute in 1968 (L 1968, ch 510, eff Sept. 1, 1968), the word "voluntarily” first appears. No reference is made in the practice commentaries in McKinney’s concerning the purpose or significance of such an addition (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 215.59). Nor was the court able to find any legislative, executive or other background or memoranda concerning the same having been informed by legislative archivists none exists. Absent such background or memoranda, legislative intent may be ascertained from the language and words used giving such their obvious and natural meaning without a forced construction (McKinneys Cons Laws of NY, Book 1, Statutes, § 94, p 188).
The People urge where there exists a doubt as to the meaning of a statute, that a construction favorable to the People be rendered. To this, the court believes the words set *209 forth in People ex rel. Cosgriff v Craig (195 NY 190, 197) are responsive, "It is sufficient to say that in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense”. Moreover, if an alternative is available, the harsher alternative will be rejected. This court can do no other than determine what construction best achieves the statutory scheme and interest of justice.
Alluding to the People’s stated contentions, I am not convinced of their soundness simply because such reasoning adds another condition not set forth in the statute as well as limits and conflicts with the written word thereof. More specifically, it would give us a construction which, in effect, would say at the end of our subject verbiage: "unless sooner arrested”. If such was intended by the draftsmen, it is difficult to believe they would not have used precise language to say just that because of its importance. A court cannot amend a statute by inserting words that are not there (Oneida Nat. Bank of Utica v Manikas, 10 Misc 2d 671). Obviously, I hold such a construction to be erroneous and sans serious merit.
In reviewing the pertinent verbiage in predecessor statutes, the court is left with the impression the word "voluntarily” though missing, is nevertheless inferred or understood. On reflection, if a voluntary return appearance was not intended, such phraseology seems a non sequitur. Thus, involuntarily changes or adds little, if anything, to the substance of the offense than previously existed.
In any event, we do not, as the People contend, hold it alters in substance the nature of the offense and render invalid all prior case law on bail jumping. As a matter of fact, the court deems the holding in People v Davis (168 Misc 511, 514 [1938]) to be relevant and helpful to the case at hand notwithstanding the People’s contention such be dicta. In that case it was held: "this crime has four elements: (1) That defendant has been admitted to bail in connection with a charge of a felony, (2) that he has wilfully failed to appear as required, (3) that a forfeiture of his bail has occurred by reason of his failure to appear, and (4) that he did not appear or surrender himself within thirty days after the forfeiture.” Continuing, the court states: "that each is an important element and ingredient of the crime, and that no indictment could be valid and no conviction could be had unless the People have proven all four elements. The language is clear *210 on its face. The phrase or clause, 'if he does not appear or surrender himself within thirty days,’ is in the nature of a condition precedent which must take place before the crime is complete. ” (Emphasis added.)
Also relevant in a disposition of the issue are the following cases decided since the present law became effective — People ex rel. Barnes v Warden (75 Misc 2d 291, 293 [1973]) wherein the main issue was the Statute of Limitations as it applied to bail jumping, the court stated, "Thus, the crime of bail jumping occurs on the date the released person fails to appear, as required, so long as the absence continues for 30 days thereafter. The 30 days is no more than a 'grace period’ made necessary to limit reasonably the scope of the statute, since an intentional failure to appear is not an element of the crime (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 205.35, p. 681 [now repealed, replaced by §215.56]).” So, too, People v Ingram (74 Misc 2d 635, 639 [1973] ) likewise dealing with the Statute of Limitations, the court said, "The law itself defines bail jumping in terms of not appearing personally on the required date and the continued absence for a period of 30 days thereafter”; while at page 640, it said, "Further, it is the opinion of this court that the 30-day grace period was added to cushion the impact of the statute, since an intentional failure to appear is not an element of the crime.” See, also, People v McAllister (77 Misc 2d 142, 148 [1974] ), in which the court stated, "All the People had to do here was, on the 31st day of default, to file a complaint and have a warrant issued. That would be the commencement of the bail jumping action”. (Emphasis added.)
Mr. Hechtman in his Practice Commentary (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 215.56, p 536) stated: "The crime of bail jumping occurs only if the released person fails to appear on the required date and such absence continues for a period of thirty days thereafter. Since an intentional failure to appear is not an element of the crime, the thirty day 'grace period’ is necessary in order to reasonably limit its scope. This in no way, of course, precludes a court from forfeiting bail on the date a 'bailed’ individual was required to appear personally and failed to do so”.
In the light of the rulings of the cases cited here, and Mr. Hechtman’s comments, bail jumping is inchoate until the expiration of 30 days. It matters not whether the 30 days are designated a condition precedent or grace period, such is *211 nevertheless an element of the crime; therefore, the gravamen of bail jumping is not just one’s failure to appear when required but the passage of 30 days must also occur before it becomes a crime. This not only appears to be the weight of authority but is also sound and renders to the words of the statute, their obvious and natural meaning. In conclusion, it is the holding of this court the crime of bail jumping is not complete until 30 days have expired after failure to appear, a fortiori one cannot be guilty of bail jumping when that 30-day period is aborted by an arrest on such a charge.
Finally, since the construction question presented here is one of law and cannot be cast upon the jury (McKinneys Cons Laws of NY, Book 1, Statutes, § 77, p 173; also Bush v Delaware Lackawanna & Western R. R. Co., 166 NY 210), the People’s request for a favorable ruling to permit this matter to go to jury trial thereby limiting an appeal to one to be brought by the defendant should he be found guilty, is a request the court is constrained to say is not only unfair and unconscionable but an injustice to the defendant.
It is for the same reasons, that this court deems it proper and in the best interest of justice to grant the defendant’s motion; accordingly, the indictment is dismissed with prejudice.