■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY SHURN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered March 11, 1975, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The crime of bail jumping is not complete until 30 days have expired after the failure to appear *(People v Bayless,* 89 Misc 2d 206, 211; *People v McAllister,* 77 Misc 2d 142, 148; *People ex rel. Barnes v Warden of Penitentiary of City of N. Y., Rikers Is.,* 75 Misc 2d 291, 293; *People v Ingram,* 74 Misc 2d 635, 639). Since defendant was arrested prior to the expiration of the 30-day "grace period" (see *People ex rel. Barnes v Warden of Penitentiary of City of N. Y., Rikers Is., supra,* p 293; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 215.56, p 536), the indictment must be dismissed. The only appreciable difference between section 215.57 of the Penal Law and its predecessor statutes is the addition of the word "voluntarily" to the current statute. The dissent construes the addition of this word to mean that unless an accused surrenders of his own accord, during the 30 days subsequent to the date of his failure to make a scheduled appearance he can be guilty of bail jumping. No authority is cited for this construction of the statute. On the contrary, the dissent's interpretation overlooks the well-settled principle that "in cases of doubtful construction * * * that interpretation should be given which best protects the rights of a person charged with an offense" *(People ex rel. Cosgriff v Craig,* 195 NY 190, 197; *People v Wallens,* 297 NY 57, 62). Furthermore, in the case of those who *do* intend to voluntarily surrender, the dissent's construction of the statute would have cases turn on the fortuitous circumstance of whether an accused was able to surrender before he was arrested. We perceive no warrant, in law or in logic, for such an interpretation of the statute. Titone, Lazer and Margett, JJ., concur.

Martuscello, J., dissents and votes to affirm the judgment, with the following memorandum, in which Damiani, J. P., concurs: On April 11, 1974 defendant and Samuel Davis appeared in the County Court, Westchester County, before Judge Rubin, for their trial on an indictment charging them with the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the third degree and possession of burglar's tools. The proceeding continued until April 17, 1974, when defendant and Davis failed to appear in court. The record shows that on said date defendant telephoned

the courthouse and stated that he could not appear because he was ill. Judge Rubin directed the court clerk to tell the defendant to take the next available train and try to get to court as soon as possible. Nevertheless, the defendant did not appear with the result that his bail was forfeited and a Bench warrant was issued. When he failed to appear the next day, a mistrial was declared. Thereafter, on May 8, 1974, defendant was arrested in a basement apartment at 101 East 163rd Street in The Bronx by two investigators of the Westchester County Sheriff's office and two detectives of the New York City Police Department. The testimony of the investigators indicates that before the arrest defendant unsuccessfully sought to escape through a back window. Subsequently, because of defendant's failure to appear in court at the required time, he was indicted and convicted of bail jumping in the first degree. Section 215.57 of the Penal Law provides: "A person is guilty of bail jumping in the first degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter." The sole issue presented by this appeal is one of statutory construction, namely, whether under section 215.57 a defendant can be convicted of bail jumping if he is arrested before 30 days have elapsed from the date on which he was required to appear. While this issue is one of first impression on the appellate level in this State, it has been addressed at the trial level (see *People v Bayless,* 89 Misc 2d 206; *People v McAllister,* 77 Misc 2d 142, 148; *People v Ingram,* 74 Misc 2d 635, 639; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 215.56, p 535). The majority takes the position that a defendant cannot be convicted of bail jumping unless he fails to appear for 30 days after the date on which he was required to appear. In my view, such an interpretation of the statute is contrary to its plain meaning and ignores the derivation of section 215.57 from its predecessor statutes. As noted, section 215.57 of the Penal Law states that "A person is guilty of bail jumping * * * when he does not appear personally on the required date *or* voluntarily within thirty days thereafter" (emphasis supplied). It is, therefore, apparent that the statute speaks disjunctively. While a defendant is allowed 30 days to surrender voluntarily, the statute makes clear that the crime is committed when the defendant fails to appear on the required date. If the legislative intent was to make the crime inchoate until 30 days have elapsed from the required date of appearance, the statute should either have been stated in the conjunctive or it should have stated the following: "A person is guilty of bail jumping when he has been released from custody upon condition that he will subsequently appear and he does not appear personally within thirty days of the required date." The conclusion that a defendant can be found guilty of bail jumping under the circumstances here is buttressed by an examination of the predecessor statutes of section 215.57. Section 1694-a of the former Penal Law, enacted in 1928 (L 1928, ch 374, § 1) provided: "A person who has been admitted to bail in connection with a charge of felony and who wilfully fails to appear as required and thereby incurs a forfeiture of his bail is guilty of a felony if he does not appear or surrender himself within thirty days." The immediate progenitor of our present statute is former section 205.40 of the Penal Law, which provided: "A person is guilty of bail jumping in the first degree when, having been released from custody, with or without bail, by court order or by other lawful authority, upon condition that he will subsequently appear

personally in connection with a charge against him of committing a felony, he fails to appear personally on the required date or within thirty days thereafter." From the above it appears that under section 1694-a of the former Penal Law, it was clear that 30 days had to elapse before a defendant could be found guilty of bail jumping. Under former section 205.40 the issue is not as clear. However, under the current statute (Penal Law, § 215.57), which includes the word *voluntarily,* it becomes unmistakable that unless the defendant has *voluntarily surrendered himself within 30 days,* he can be guilty of bail jumping. Stated otherwise, if he is arrested within 30 days of the required date, a conviction is proper. Accordingly, I vote to affirm the judgment of conviction.