**Earl G. SELBY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–83–269.**

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1983.

David R. Poplin and Jerrold R. Dennis of Poplin and Blevins, Inc., Pryor, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Earl G. Selby, the appellant, was convicted of Escape from Jail by Force, After Former Conviction of a Felony, in Craig County District Court, Case No. CRF–82–123, and was sentenced to twenty (20) years' imprisonment. Following a denial of the appellant's application for post-conviction relief, he now appeals to this Court.

The appellant was convicted of Aggravated Robbery in the State of Kansas in 1976, for which he was sentenced to not less than seven (7) years' nor more than life imprisonment. Having allegedly violated the rules of his parole, he was arrested in Oklahoma as a Fugitive from Justice. While detained in Craig County Jail, the appellant escaped.

Although the appellant raises three (3) assignments of error, only one will be reviewed as it is dispositive of the case.[1] Specifically, the issue here raised is whether the charging statute, 21 O.S.1981, § 443, which was amended by the legislature in 1976,[2] allows the punishment one receives for escape from a penal institution to be enhanced by charging "after a former conviction of a felony" under the habitual criminal statute, 21 O.S.1981, § 51.

Our construction of the previous statute, 21 O.S.1971, § 443, held that to so charge was improper. See, *Chester v. State*, 485 P.2d 1065 (Okl.Cr.1971); *Herrod v. State*, 512 P.2d 1401 (Okl.Cr.1973). The appellant argues that this is still the rule. The State, however, relying on the following language from *Smith v. State*, 626 P.2d 1357 (Okl.Cr. 1981), contends that the 1976 amendment allows enhancement of the punishment for escape:

The language of § 443 at the time of *Chester* and *Herrod,* supra, necessarily presumed that one incarcerated in a penal institution had been convicted of a felony. However, § 443 was subsequently amended in 1976 and expanded to include circumstances which do not presume a former felony, such as awaiting trial or awaiting charges. *Arguably then there is not an automatic presumption of a felony under § 443 today.* (Emphasis added).

The author does not believe that either the statute as amended or the language quoted above changes the rule laid down by *Chester,* supra. An escape following a conviction for a felony is necessarily "after a felony conviction." The former felony is an element of the offense, and as such, it cannot be additionally used as a predicate for enhancement of punishment.

A review of the record in the instant case reveals that when he escaped, the appellant was being lawfully detained for violation of his parole stemming from his 1976 Kansas conviction, and that said conviction was then used to enhance the punishment the appellant received for the escape. As the appellant's incarceration was due solely to his earlier felony conviction, his subsequent escape was necessarily "after a felony con-

---

1. The record reveals that the appellant's claims of incompetent legal counsel and involuntary plea of guilty do not warrant reversal.

2. 21 O.S.1981, § 443, reads as follows:
   § 443   Escape from penal institution
   Any person having been imprisoned awaiting *charges* or prisoner awaiting trial or having been sentenced to confinement with the Department of Corrections who escapes from such confinement, either while permitted to be at large as a trusty, or while awaiting transportation thereto, is punishable by imprisonment for a term of not less than one (1) year nor more than seven (7) years, however, an escape by an inmate confined in any institution or facility operated by the Department of Corrections shall be punishable by imprisonment of not less than two (2) years or more than seven (7) years.

viction." It was therefore improper to allow prosecution and enhancement of punishment under the habitual criminal statute. Accordingly, we grant the appellant relief, and modify his sentence to three (3) years' imprisonment.

The judgment and sentence appealed from is AFFIRMED as MODIFIED.

CORNISH, J., concurs.

BRETT, J., concurs in results.