William Dudley HUGHES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–627.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1991.

Rehearing Denied Sept. 12, 1991.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LUMPKIN, Vice Presiding Judge:

Appellant, William Dudley Hughes, was tried by jury for the crime of Bail Jumping After Former Conviction of Two or More Felonies in violation of 22 O.S.1981, § 1110, and 21 O.S.1982, § 51(B), in Case No. CRF–85–803, in the District Court of Oklahoma County. The Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at sixty-five (65)

years imprisonment, and the trial court sentenced the Appellant accordingly. From this Judgment and Sentence the Appellant has perfected his appeal to this Court.

On January 3, 1985, the Appellant made his initial appearance and posted bond on the charges of Concealing Stolen Property After Former Conviction of a Felony (Count I) and Felonious Possession of a Firearm (Count II) in CRF–85–20. The appearance bond was for $8,000.00 and was undertaken by D and D Bonding. The appearance bond, signed by the Appellant and dated January 3, 1985, plainly stated that he was to return to court on February 4, 1985, and answer the charges preferred against him in CRF–85–20. The bondsman, Don Crockett, testified that when the bond was posted the Appellant was advised that he was to return to Oklahoma County District Court on February 4, 1985, at 9 o'clock a.m., for his preliminary hearing. On February 4, 1985, when the Appellant failed to appear, the magistrate forfeited his bond and issued a warrant for his arrest. The bondsman, Donald Crockett, admitted that he had no contact with the Appellant from the time the bond was forfeited until he found out that Hughes had been arrested on another charge. The appearance docket in CRF–85–803 indicates that on February 25, 1985, the Appellant appeared in court for arraignment on the bail jumping charge, and on January 21, 1986, a jury trial was held on this charge. During that trial the State put on its case in chief, and the Appellant rested without putting on any evidence. In the second stage of the trial the State introduced prior judgments and sentences, and appearance dockets, to show that the Appellant had prior convictions for Grand Larceny, Larceny of Merchandise from a Retailer after Former Conviction of a Felony, Unlawful Possession of a Controlled Drug with Intent to Distribute Heroin After Former Conviction of a Felony, and Burglary in the Second Degree After Former Conviction of a Felony. The Appellant stipulated to the admission of these exhibits. Thereafter the State and the defense both rested.

In his first assignment of error Appellant alleges that his sentence is excessive and should be modified because the penalties enumerated within the bail jumping statute are exclusive, and hence 21 O.S.1981, § 51, is not applicable to the offense of bail jumping. In his second assignment of error Appellant alleges that the trial court erred in sentencing him under the Habitual Criminal Statute. Because assignments one and two are interrelated, we are consolidating our findings as to both of these allegations of error. The Appellant argues that this case is one of first impression because there are apparently no published opinions in this State in which a person convicted of bail jumping has received such a severe sentence. Appellant attempts to compare the crime of bail jumping with the crimes of escaping from jail and escape from a penitentiary. In his argument he cites *Chester v. State*, 485 P.2d 1065, 1067 (Okl.Cr.1971), wherein this Court held it improper to charge an accused with former convictions under the Habitual Criminal Statute when charging the accused with the crime of escape because it is a necessary presumption that one incarcerated in a penal institution has been convicted of a felony. Appellant also cites *Delfrate v. State*, 732 P.2d 900 (Okl. Cr.1987), where this court held that the Habitual Criminal Statute could not be used to enhance the punishment of those convicted of escape while awaiting trial under 21 O.S.1981, § 443. However, in *Goodson v. State*, 564 P.2d 260 (Okl.Cr.1977), we held that when a prior conviction is not implicit in the charge, the Habitual Criminal Statute is then applicable. Hence, the Habitual Criminal Statute is applicable to the case at bar because a prior conviction is not implicit in the offense of bail jumping. Our discussion in *Chester, Delfrate* and *Goodson* of the terms "implicit in the offense" and "unjust result" are not clear in their intent, and do not give adequate guidance concerning the application of our Habitual Criminal Statute to offenses of this type. We apply the "implicit in the offense" analysis to determine if the prior conviction is an element of the current offense or if the confinement or status which

is the predicate of the current offense was created by the serving of a sentence rendered as a result of the prior conviction. We apply the "unjust result" analysis to ensure the mere situs or status of incarceration would not dictate whether the habitual criminal statute could be applied. To clarify the application of the Habitual Criminal Statutes to crimes of this type we hold that its enhancement provisions can be applied to new offenses which do not include the prior conviction as an element of the new offense, and to new offenses which arise as a result of a defendant's incarceration upon conviction of a crime, if the defendant has valid prior convictions other than the conviction which brought about the incarceration at the time of the offense.

It is well established that where there is a specific enhancement provision of a statute, that provision for punishment controls over any general provision. *See* 21 O.S.1981, § 11. In the instant case we have no specific enhancement provisions triggered. In addition, we have no prior conviction implicit in the charge which might affect the applicability of the Habitual Criminal Statute. The record reveals that the Appellant had at least four prior felony convictions before coming to trial on this matter. Title 21 O.S.1981, § 51(B), does not distinguish between specific categories of felonies with regard to prior offenses used for enhancement purposes or restrict its application to only specified felony offenses. A conviction for *any felony* accompanied by at least two prior felony convictions, will trigger the sentencing provisions of Section 51(B), which sets forth a minimum sentence of twenty years and no maximum penalty. Moreover, application of Section 51(B) is not limited to crimes involving danger of injury to others. In view of Appellant's prior felony convictions, and the fact that the sentence imposed is well within the range established for this offense, we cannot say that the sentence imposed shocks the conscience of the Court. Therefore, for the foregoing reason, these assignments of error are without merit.

■ Appellant, in his third proposition, alleges that the trial court erred in admitting State's exhibit 4, which is an appearance docket, because of the reference to an unspecified former conviction set in the heading of case No. CRF–75–3401. The after former portion of the charge in case No. CRF–75–3401 was later dropped upon Appellant's plea of guilty. However, when Exhibit 4 was introduced at trial, the Appellant did not object, and in fact stipulated to its admission. Hence, this assignment has been waived and we will only review for fundamental error. We note that Appellant stipulated to being convicted of four prior felonies. (Tr.II 5) In addition, on cross examination his bondsman brought out the fact that the Appellant had been charged with crimes in the past and had been admitted to bail on prior occasions. Therefore, after a careful review of the record we find no prejudice to Appellant or a breach of his fundamental right. This assignment is without merit.

■ In his fourth assignment of error, Appellant contends that the evidence was insufficient to support his conviction. Specifically he refers to the element of "willfulness". The Appellant argues that his mere failure to appear in court on the day appointed for his preliminary hearing does not prove the element of willfulness. We direct Appellant's attention to the provisions of 21 O.S.1981, § 92, as follows:

The term 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose of willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.

This Court has previously held that this statutory definition provides the meaning of the word "willfully". In addition, this definition applies to the term as used in 59 O.S.1981, § 1335, which sets forth the offense of bail jumping when admitted to a personal recognizance bond. *See Parrott v. State*, 522 P.2d 635 (Okl.Cr.1974). Although the Appellant was tried for a violation of 22 O.S.1981, § 1110, this statutory definition also defines the word "willfully"

as used in this Section of Title 22. Whether the Apellant's failure to appear was willful is a question of fact to be determined by the jury. *Parrott*, 522 P.2d at 637. Title 22 O.S.1981, § 1110, provides that:

> Whoever, having been admitted to bail or released on recognizance, bond, or undertaking for appearance before any magistrate or court of the State of Oklahoma, incurs a forfeiture of the bail or violates such undertaking or recognizance and willfully fails to surrender himself within five (5) days following the date of such forfeiture shall, if the bail was given or undertaking or recognizance extended in connection with a charge of felony or pending appeal or certiorari after conviction of any such offense, be guilty of a felony and shall be fined not more than One Thousand Dollars ($1,000.00) or imprisoned not more than one (1) year, or both. Nothing in this section shall be construed to interfere with or prevent the exercise by any court of its power to punish for contempt.

A search of the record in the instant case reveals competent evidence supporting the allegations of the charge of Jumping Bail. The evidence revealed that the Appellant had notice of the proper date for his appearance and that he failed to appear on the designated date or to surrender himself within five days following the date of the forfeiture. Where there is evidence to support the jury's determination, this Court will not interfere with the verdict. *Parrott*, 522 P.2d at 637. We conclude that this proposition is without merit.

██ The Appellant alleges in his fifth assignment of error that the trial court erred in prohibiting him from questioning witness Scherer concerning the date of the bond forfeiture set forth in the original information filed in this matter. In particular, he complains that the original information states that he forfeited his bond on February 2, 1985, instead of February 4, 1985. The Information referred to reads as follows:

> On or about the 4th day of February, 1985, A.D., the crime of Bail Jumping was feloniously committed in Oklahoma County, Oklahoma, by William Dudley Hughes, who willfully and feloniously having been admitted to bail in the sum of $8,000.00 for his appearance before the District Court of Oklahoma County, Oklahoma, for preliminary hearing order by said Court for the 2nd day of February 1985, on a felony charge, specifically: Concealing Stolen Property AFCF Count 1, and Possession of Firearm AFCF Count 2, in Case Number CRF–85–20, State of Oklahoma vs. did fail and neglect to appear before said court according to the terms and conditions of said bond incurred a forfeiture of his bail on the 2nd day of February 1985, and did unlawfully and willfully fail to surrender himself to said court within five (5) days following the date of said forfeiture, contrary to the provisions of Section 1110 of Title 22 of the Oklahoma Statutes and against the peace and dignity of the State of Oklahoma;

The trial court sustained the prosecutor's objection to testimony about reference to the February 2, 1985, date in the Information because it was an obvious scrivener's error. In addition, the Information was not filed until February 14, 1985, some ten days after the appearance date. Therefore, the contents of this information was not relevant evidence of any confusion or misunderstanding regarding the dates of court appearances which might have existed at the time of the offense. Relevant evidence is defined in 12 O.S.1981, § 2401, as evidence which tends to make any existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Because of the obvious scrivener's error and the document was not prepared until several days after the commission of the offense in question, this evidence was not relevant and hence, was properly not admitted. Relevancy and materiality are matters within the sound discretion of the trial court, whose determination should not be reviewed absent an abuse of discretion. *Behrens v. State*, 699 P.2d 156 (Okl.Cr. 1985). This assignment of error is without merit.

In his final proposition of error, Appellant alleges that the cumulative effect of the aforementioned assignment of errors warrants reversal or modification of this cause. We have found no error warranting reversal, and therefore no accumulation of errors. *See, Stouffer v. State*, 738 P.2d 1349 (Okl.Cr.1987).

The judgment and sentence appealed from is, therefore, AFFIRMED.

LANE, P.J., and BRETT, PARKS and JOHNSON, JJ., concur.

