OPINION OF THE COURT
Kenneth W. Rudolph, J.
In the case at bar the People move to reargue the court’s decision dated March 24, 1994 insofar as it dismissed the charge of bail jumping in the third degree.
*271 Defendant cross-moves to reargue the court’s decision dated March 24, 1994 insofar as it dismissed the charge of bail jumping in the third degree by adding additional grounds for dismissal upon jurisdictional issues.
Upon consideration, the court grants the People’s motion for reargument. In the court’s original determination the court noted that the "subject Bail Jumping accusatory charges that the defendant failed to appear in Court on June 18, 1993 and failed to voluntarily surrender within thirty days thereafter having previously been arraigned and released in his own recognizance.” (Decision of Mar. 24, 1994, at 5, Rudolph, J.)
In dismissing the charge of bail jumping in violation of Penal Law § 215.55 the court concluded that "the People are mistaken on the facts in that the bench warrant upon which the Bail Jumping charge is based was not issued June 18, 1993. A warrant letter was issued June 18, 1993 returnable July 2nd, 1993, and a bench warrant was issued July 2nd, 1993. The warrant was executed July 22, 1993, within thirty (30) days of issuance. Since a defendant may not be prosecuted for bail jumping when he is arrested before the expiration of thirty days following his failure to appear (People v. Bayless 89 Misc.2d 206) the charge of Bail Jumping in violation of Penal Law §215.55 is dismissed.” (Decision of Mar. 24, 1994, at 5, Rudolph, J.)
The People now contend that the court erred in its determination arguing that the issuance of a warrant letter is not a "prerequisite to commencement of a 30 day period or the filing of Bail Jumping charges” within the meaning of Penal Law § 215.55. Thus, the People contend that the defendant’s failure to appear on June 18, 1993 is the "required date” within the meaning of Penal Law § 215.55, and the issuance of the warrant letter returnable July 2, 1993 had no effect on the original "required date” of appearance. Upon this premise, it is argued that defendant’s subsequent arrest on July 22, 1993 was not made within the 30-day grace period from June 18, 1993 and the charge should not have been dismissed.
Bail jumping in the third degree is defined in Penal Law § 215.55 as follows: "A person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding * * * and when he does not appear person *272 ally on the required date or voluntarily within thirty days thereafter.”
The facts in this case are undisputed. The defendant, Ronald McLean, having been arraigned and released upon condition that the defendant would subsequently appear personally in connection with this criminal proceeding on each and every required date, failed to appear before this court on the date of June 18, 1993. The court, upon application, issued a warrant letter to the defendant, returnable July 2, 1993 which letter reads as follows:
"You are hereby directed to appear in this Court relative to a charge of Obstructing Governmental Administration, Resisting Arrest, and Disorderly Conduct which is pending against you. The matter has been scheduled for your appearance on July 2, 1993 at 9:30 a.m. sharp.
"There will be no further adjournments and upon your failure to appear as directed, a warrant for your arrest WILL BE ISSUED FORTHWITH.”
The defendant thereupon failed to appear on July 2, 1993, and upon the People’s application a warrant of arrest was issued. The question presented in this motion to reargue is whether the "required date” within the meaning of Penal Law § 215.55 is June 18, 1993 or July 2, 1993. The court has carefully reviewed the applicable case law and finds nothing dispositive on the issue.
The People’s argument that the warrant letter has "no effect” on the required date of appearance within the meaning of Penal Law § 215.55 is contrary to the plain language contained in the warrant letter. The key words of the letter all point to a consent adjournment of the required date of defendant’s appearance and cannot be ignored by this court. Why else would the language used state:
(1) "you are directed to appear” (on a date certain),
(2) "[tjhere will be no further adjournments” (indicating that an adjournment for the defendant’s benefit had been granted),
(3) "Upon your failure to appear as directed, a warrant for arrest will be issued forthwith” (when in fact a warrant could have been issued without further notice).
Warrant letters constitute a valued tool in the administration of criminal justice. The intent is to bring the defendant before the court without the necessity of a warrant of arrest. In most cases, the warrant letter brings success. At the same time it must be recognized that the issuance of a warrant *273 letter in the format herein used constitutes a consent adjournment of the "required date” of appearance within the meaning of Penal Law § 215.55.
Upon the foregoing, the court adheres to its original determination of dismissal. Defendant’s cross motion to reargue dismissal on additional grounds is denied as moot.