1998 OK CR 50

**Bryan Lee RUTH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–97–1145.**

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1998.

Rehearing Denied Oct. 9, 1998.

Robert A. Butler, Shawnee, for Defendant at trial and on appeal.

Gary A. Gingrich, Assistant District Attorney, for the State at trial.

Benjamin McCullar, Shawnee, for Defendant on appeal.

W.A. Drew Edmondson, Attorney General, Nathan Dills, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

OPINION

LANE, Judge:

¶ 1 Appellant, Bryan Lee Ruth, was convicted by jury of possession of a shotgun while being supervised by the Oklahoma Department of Corrections, 21 O.S.Supp.1996, § 1283(D), after former conviction of two or more felonies, in the District Court of Pottawatomie County, Case Number CRF–97–160, before the Honorable Glen Dale Carter, District Judge. The jury recommended Ruth be sentenced to twenty years imprisonment. The trial court sentenced accordingly. From this Judgment and Sentence Ruth has perfected this appeal.

¶ 2 A full recitation of the facts is unnecessary as Ruth does not dispute the sufficiency of the evidence. The facts adduced at trial revealed that Ruth was in possession of a shotgun while he was on parole for a murder offense arising in Texas. He was being supervised by the Oklahoma Depart-

ment of Corrections by way of an interstate agreement.

¶ 3 Ruth raises only one proposition, which is one of first impression in this State. Ruth argues that he received an illegal sentence, because a prior murder offense which was used as an element of the crime for which he was being tried was also used to revitalize prior offenses, which could not otherwise be used for punishment enhancement under 21 O.S.1991, §§ 51 and 51A. Ruth relies on cases in which we have held that a prior felony cannot be used as both an element of the offense and as punishment enhancement. See *Chapple v. State*, 1993 OK CR 38, ¶¶ 17–23, 866 P.2d 1213, 1217.

¶ 4 No uniform instructions exist for the crime of possession of a firearm while under the supervision of the Oklahoma Department of Corrections, 21 O.S.Supp.1996 § 1283(D). The trial court also instructed the jury that the prior murder conviction was an element of the offense by advising the jury that they must find that Ruth possessed the shotgun "[w]hile Defendant, Bryan Lee Ruth, was on parole, under supervision of the Oklahoma Department of Corrections for the crime of Murder, in Wood County, Texas, Case No. 9712, having been sentenced on October 2, 1978." The trial court in this case instructed the jury that they could not consider Ruth's prior conviction for murder in determining punishment, but they could use it to determine his guilt for the crime charged.

¶ 5 We must first determine whether a prior conviction is an element of the offense of possession of a firearm while under the supervision of the department of corrections. Title 21 O.S.Supp.1996, § 1283(D), provides:

In addition to the prohibitions of subsection A of this section, it shall be unlawful for any person supervised by the Department of Corrections or any division thereof to have in his or her possession or under his or her immediate control, or at his or her residence, or in any passenger vehicle which the supervised person is operating or is riding as a passenger, any pistol, shotgun or rifle, including any imitation or homemade pistol, shotgun or rifle, while such person is subject to supervision, probation, parole or inmate status.

Subsection A, referred to paragraph D, above, provides:

It shall be unlawful for any person convicted of any felony in any court of this state or of another state or of the United States to have in his or her possession or under his or her immediate control, or in any vehicle which the person is operating, or in which the person is riding as a passenger, or at the residence where the convicted person resides, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile.

¶ 6 Clearly these two provisions outline different ways of feloniously possessing a firearm under 21 O.S.Supp.1996, § 1283. Unlike paragraph A, paragraph D does not require a prior conviction of a felony, only that the accused be under the supervision of the department of corrections.

¶ 7 In *Hughes v. State*, 1991 OK CR 18, ¶¶ 3–4, 815 P.2d 182, 184, we held the enhancement provisions of the Habitual Criminal Statutes

can be applied to new offenses which do not include the prior conviction as an element of the new offense, and to new offenses which arise as a result of a defendant's incarceration upon conviction of a crime, if the defendant has valid prior convictions other than the conviction which brought about the incarceration at the time of the offense.

¶ 8 The *Hughes* Court addressed the applicability of the Habitual Offender Statute to the crime of bail jumping. Hughes claimed that bail jumping was analogous to the offense of escape from the penitentiary which infers a prior conviction. However, we held that a prior conviction was not necessary nor was it inferred in the crime of bail jumping.

¶ 9 Like bail jumping, the crime of possession of a firearm while under the supervision of the department of corrections is one of those new offenses which does not necessarily arise as a result of a defendant's conviction of a crime. Therefore, a prior conviction is not an element of the crime.

¶ 10 Under Ruth's analysis, a person possessing a firearm while being supervised

without a prior conviction, i.e. a deferred or delayed sentence would be subject to the same punishment as a person who is being supervised because of a conviction. This was not the Legislature's intent. Clearly, the Legislature would not have added Paragraph D if they intended only to punish those who were being supervised because of a conviction. Because supervision does not require a conviction, then a conviction should not be inferred in the offense.[1] There is no dual use when the murder conviction is also used to revitalize the older prior convictions, because the prior murder conviction is not an element of the crime charged.

 ¶ 11 Even if the prior murder conviction were an element, as the trial court instructed, our result would be the same. Not only felony convictions, but also misdemeanors involving moral turpitude, may be used to revitalize prior offenses that occurred prior to a period of ten years since the completion of the sentence imposed. These misdemeanors, however, cannot be used to enhance a sentence. Therefore, the fact that a crime may not be used to enhance a sentence does not prohibit it from being used to revitalize older convictions.

¶ 12 The prosecution in this case was limited because Ruth was being supervised on the newest offense, the murder charge. We do not believe that the Legislature intended, first, that a prior conviction was an element of this offense; and, second, that using the newest prior conviction as part of the offense would prohibit it from being used to revitalize older prior convictions.

¶ 13 The reasoning for prohibiting a prior crime as both an element and as enhancement was addressed in *Snyder v. State*, 1989 OK CR 81, ¶¶ 3–4, 806 P.2d 652, 654. This Court stated that "[t]he rationale for this ruling is founded on the fact that the proof of at least one felony is necessary to provide one of the elements of the offense." *Id.* In *Snyder*, this Court cited escape cases to

reach the conclusion that if the offense is an element, then it cannot be used to enhance the sentence. In *Selby v. State*, 1983 OK CR 139, ¶ 6, 670 P.2d 599, 600, we reasoned that where an incarceration is due solely to the prior conviction, the subsequent escape is necessarily "after a felony conviction."

 ¶ 14 To apply this reasoning to prohibit an offense from being used both to revitalize older prior convictions and as an element of the offense is not called for in the legislation or our case law. Therefore, we hold that if an offense requires proof of a prior conviction, that prior conviction may not be used to enhance punishment, but may be used to revitalize convictions for which the sentence has been completed more than ten years prior.

¶ 15 Accordingly, Ruth's Judgment and Sentence is **AFFIRMED**.

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN, and JOHNSON, JJ., concur in result.

---

1. Because, the trial court instructed the jury that they could not consider the murder conviction in determining punishment, the issue of whether this prior conviction could also have been used to enhance punishment is not before us. There may be some concern that the trial court instructed the jury that they could use the prior murder conviction to determine Ruth's guilt for the crime charged by instructing that the prior conviction was an element. We find that because Ruth waived his right to have a bifurcated proceeding, no error occurred by informing the jury that Ruth had a prior murder conviction during the first stage.